## GRIFFIN v. POLHEMUS et al.

THE granting or refusing of a continuance rests in the sound discretion of the Court to which the application is made, and its ruling will not be revised by the appellate Court, except for the most cogent reasons.

Accordingly, where an application for a continuance on the ground of the absence of a material witness, alleged to be in New South Wales, was opposed by an affidavit, showing in substance that the witness had been in San Francisco (the place of trial) a long period after issue joined, and before the case was called for trial; that the witness had been examined on a previous trial; and that the plaintiff knew of the witness' intention to leave San Francisco some time before his departure, and the application was refused by the Court, and judgment of dismissal for want of evidence was accordingly entered. On appeal the judgment was affirmed.

APPEAL from the Fourth Judicial District.

Action for conversion of personal property. When the case was

Grffin *v.* Polhemus.

called for trial, plaintiff applied for a continuance, upon affidavit of the absence of a witness, whose testimony was alleged to be material, and who was stated to be at the time in the town of Sydney, in New South Wales. The application was opposed by an affidavit, showing in substance that the witness had been in San Francisco nearly three years after the issue joined, and before the case was called for trial; that he had been a witness on a former trial; and that the plaintiff was aware of the witness' intention to go to New South Wales some time before his departure from San Francisco. The Court refused the continuance, and defendant obtained judgment—the plaintiff producing no evidence. The plaintiff appeals, assigning as error the refusal of the continuance.

*E. L. Goold & S. Heydenfeldt*, for Appellant, cited *Ross* v. *Austill*, 2 Cal. 183; *People* v. *Logan*, 4 Id. 189; *People* v. *Diaz*, 6 Id. 249; *Frank* v. *Brady*, 8 Id. 47.

*Delos Lake*, for Respondent, cited *Hawley* v. *Sterling*, 2 Cal. 473; *Pierson* v. *Holbrook*, 5 Id. 598; *Peralta* v. *Mariea*, 3 Id. 185; *Musgrove* v. *Perkins*, 9 Id. 211; *The Pilot Rock Creek Canal Co.* v. *Chapman*, 11 Id. 161.

FIELD, C. J. delivered the opinion of the Court—NORTON, J. concurring.

In *Musgrove* v. *Perkins* (9 Cal. 212) we held, that the granting or refusing of a continuance rested in the sound discretion of the Court below, and that its ruling would not be revised, except for the most cogent reasons. " The Court below," we observed, " is apprized of all the circumstances of the case and the previous proceedings, and is, therefore, better able to decide upon the propriety of granting the application than an appellate Court; and when it exercises a reasonable and not an arbitrary discretion, its action will not be disturbed." The same views have been repeatedly expressed by us in other cases, and there is nothing in the present case which would justify any qualification or departure from them. (*The Pilot Rock Creek Canal Co.* v. *Chapman et al.*, 11 Cal. 161.)

Judgment affirmed.