# THE PEOPLE *v.* DE LACEY.

MOTION FOR NEW TRIAL IN CRIMINAL CASE FOR ERROR IN REFUSING A CON-
TINUANCE.—Where the defendant in a criminal case moves for a new trial on the
ground that the Court erred in not granting him a continuance by reason of the
absence of his witnesses, he should procure the affidavits of the witnesses to show
that they could testify to the facts desired to be proved by them.

DENIAL OF CONTINUANCE IN A CRIMINAL CASE.—If, on application for a continu-
ance made on affidavit, on the ground of the absence of witnesses in a crim-
inal case, there is a counter affidavit tending to show that the application is not
made in good faith, the appellate Court will not disturb the judgment because the
continuance was denied.

APPEAL from the County Court, Amador County.

The defendant was indicted for robbery. When the cause
was called for trial he moved for a continuance on the ground
of the absence of witnesses. The defendant stated in his
affidavit that the desired witnesses resided at Sacramento, dis-
tant about forty-three miles from the place of trial. There
was a counter affidavit filed by the District Attorney for the

purpose of showing that the application was not made in good faith. The Court denied the continuance, and the defendant was convicted. He then moved for a new trial, and assigned as error the refusal of the Court to grant the continuance, and filed a new affidavit setting up what he expected to prove by the witnesses, but did not procure the affidavits of the witnesses. A new trial was denied, and the defendant appealed.

*M. W. Gordon*, and *J. W. Coffroth*, for Appellant.

*J. G. McCullough*, *Attorney-General*, for the People.

By the Court, SAWYER, J.

On the motion for continuance there was a counter affidavit tending strongly to show that the application was not made in good faith. And on the motion for new trial no effort appears to have been made to procure the affidavits of the absent witnesses to show that they could testify to the facts desired to be proved by them. One of the witnesses appears to be a police officer, and the other a keeper of a public house in Sacramento, and their affidavits could doubtless have been obtained. If not, the fact could have been made to appear. This ground of the motion, under the circumstances, should have been supported by the affidavits of the absent witnesses. Such is the imperative requirement of the statute where the defendant moves for a new trial on the ground of newly discovered evidence. (Laws 1863, p. 161, Sec. 440, clause 7.) Then there is no reason why the same rule should not be adopted where a continuance has been denied; and particularly so when, as in this case, there is reason to suspect that the affidavit for continuance was not made in good faith. There was no abuse of discretion in this case. (11 Cal. 162; 8 Cal. 47; 20 Cal. 180; 9 Cal. 212.) No other point requires notice.

Judgment affirmed.