## THE PEOPLE v. WILLIAM JOCELYN.

PLEA IN CRIMINAL CASE.—If the defendant in a criminal case refuses to plead after his demurrer to the indictment has been overruled, the Court may direct a plea of not guilty to be entered for him.

ERROR.—The record must affirmatively show error; the appellate Court will not presume it.

AFFIDAVIT FOR A CONTINUANCE.—An affidavit for a continuance in a criminal case should show, not only that efforts have been made to find the absent witness, but also, if service of a subpœna has been made on him, should show that it was such kind of service as he was bound to obey.

NEW TRIAL ON GROUND OF DENIAL OF CONTINUANCE.—On an application for a new trial on the ground that the Court denied a continuance, in a criminal as well as in a civil case, the defendant should procure the affidavits of the absent witnesses, showing that they can testify to the facts sought to be proved, or give good reason for not obtaining such affidavits.

WITNESS IN CRIMINAL CASE.—A witness, not examined before the grand jury, whose name is not indorsed on the indictment, may be examined by the People on the trial.

SURPRISE A GROUND FOR NEW TRIAL.—A new trial will not be granted in a criminal case on the ground of being taken by surprise by the testimony of a witness, unless the affidavits show that the testimony of the witness was not true.

APPEAL from the County Court, Colusa County.

The defendant, with two others, was indicted for grand larceny in stealing cattle. Having been convicted and sentenced, he appealed.

The other facts are stated in the opinion of the Court.

*J. O. Goodman,* for Appellant.

*J. G. McCullough, Attorney-General,* for the People.

By the Court, SAWYER, J.

The point that the Court erred in directing a plea of not guilty to be entered on the refusal of defendant to plead further after overruling the demurrer to the indictment, is answered by the case of *The People* v. *King*, 28 Cal. 265.

It does not appear what the ruling of the Court was on the motion for an attachment for witnesses. It may have been granted, for aught that appears to the contrary in the record. The motion was a different one from the motion for continuance, and it does not appear upon what it was based. Neither does it appear that any exception was taken to any ruling made on the motion, or for a refusal to rule at all upon it. The record must affirmatively show error—we cannot presume it.

There does not appear to us to be any error in the denial of the motion for continuance. It does not appear that any particular effort was made to find the witnesses in Colusa County. Nor is it shown that any service was made on the witnesses in El Dorado County which they were bound to notice. On both these points see *People* v. *Williams*, 24 Cal. 37. Besides, on the motion for new trial in such cases, the affidavits of the absent witnesses should be obtained to show that they can testify to the facts sought to be proved, or some good reason given for not obtaining them. (*People* v. *De Lacey*, 28 Cal. 589.) We cannot see from the record that the Court did not soundly exercise its discretion in denying the continuance.

We know of no provision or rule that forbids the examination by the people, on the trial of a criminal case, of a witness whose name has not been indorsed on the indictment, without first giving notice of such intended examination. None has been called to our attention. The name of a witness who has been examined before the grand jury must be indorsed on the indictment, or the indictment will be set aside on motion of the defendant. Even in such case the objection must be taken promptly, or it will be waived. (*People* v. *Lopez*, 26

Cal. 112.) But this provision of the Criminal Practice Act has no application to witnesses who have not appeared before the grand jury. In practice, probably, in almost every case tried, witnesses, other than those who were before the grand jury, are sworn and examined on the trial. The same rule in respect to surprise must prevail in the case of the examination of such witnesses as applies to other evidence by means of which the defendant is surprised. In this case the defendant does not show, either in his affidavit of surprise or motion for continuance, or in his proceeding on motion for new trial, that the testimony of the witnesses introduced against his objection was not true, or that he could have obviated it by other testimony if a continuance had been granted or a new trial had. The principle of the case of *People* v. *De Lacey* is applicable here also. There is nothing in this ruling inconsistent with the case of *People* v. *Symonds*, 22 Cal. 353, cited by appellant.

There was no error in refusing the eighth instruction. (1 Whart. Crim. Law, Secs. 361, 613; 1 Bish. Crim. Law, Sec. 540, and cases cited.)

Judgment affirmed.