[No. 6,956.—Department No. 2.]

## KERN VALLEY BANK v. CHESTER.

CONTINUANCE. — The affidavit, upon a motion for a continuance on the ground of the absence of a witness, must show the materiality of the evidence, and that due diligence has been used to obtain it.

ATTORNEY'S FEE—PLEADING—EXHIBIT.—In an action for the foreclosure of a mortgage, the complaint contained no allegation as to attorney's fee, further than the allegation of the execution of the mortgage; but a copy of the mortgage, which contained a stipulation for an attorney's fee, was attached to the complaint. *Held*, there was no error in allowing an attorney's fee.

ID.—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.—The facts stated in an affidavit of newly-discovered evidence, on motion for a new trial, *held* not to disclose sufficient grounds for granting the motion.

APPEAL—JUDGMENT ON APPEAL—MODIFICATION OF JUDGMENT.—Cause remanded, with directions to modify the judgment by deducting an amount improperly found by the Court to be due to the plaintiff for taxes, and included in the judgment.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Sixteenth District Court, County of Kern. REED, J.

The complaint alleges the execution of the mortgage, and a copy is attached and made part of the complaint. It also prays for $800 as attorney's fee: otherwise there is no allusion to the subject. The affidavit for new trial states in effect that, since the trial of the case, defendant had learned that the plaintiff, before the commencement of the suit, agreed with his at-

torney that the fee should be $50, and that this was the whole amount paid or agreed to be paid by the plaintiff; that the defendant obtained this information from a party who had it from the president of the plaintiff; and that if a new trial should be granted, she could prove the fact by the said president.

*Stetson & Houghton,* for Appellant.

The Court erred in allowing an attorney's fee. There was no allegation in the complaint as to such fee. The finding of the Court upon this point was outside of the issues. (*Tibbett* v. *Cross,* Oct. Term, 1876; Stat. 1873–4, p. 707; Code Civ. Proc. § 426; *Jerome* v. *Stebbins,* 14 Cal. 457.) No evidence was offered to show that such fee had been paid, or a liability incurred therefor. (*Patterson* v. *Donner,* 48 Cal. 369.) Making the mortgage a part of the complaint, by annexing it as an exhibit, was not sufficient. (*Denver* v. *Burton,* 28 Cal. 549.) The affidavit of newly-discovered evidence shows that the fee agreed upon by the plaintiff was only $50. It does not appear that plaintiff has ever paid any amount for taxes levied on the mortgaged premises.

*V. A. Gregg,* for Respondent.

The affidavit of newly-discovered evidence does not state why the affidavit of the party, who is to give the evidence, was not procured. (*Arnold* v. *Skaggs,* 35 Cal. 684; 6 id. 228.) .

SHARPSTEIN, J.:

This is an appeal from a judgment of foreclosure, and from an order denying defendants' motion for a new trial.

The defendants are husband and wife, and filed separate answers to the complaint. The former, in his answer, denies the allegation of the complaint that the plaintiff had paid State and county taxes to the amount of $603, or in any amount. He further denied the allegation that no part of the interest on the principal sum claimed to be due on the note had been paid. The answer of the other defendant contains the same denials. When the case was reached and called for trial, Mrs. Chester, one of the defendants, moved for a continuance upon her own

affidavit, which stated in substance that her attorney was necessarily absent, being engaged in a distant county in the actual trial of a cause, and that her husband and codefendant, and one Force, were both necessary and material witnesses in her behalf, and were necessarily absent, being at San Francisco, the former attending a trial of a case in which he was a party and material and necessary witness. She did not state what she expected to prove by said witnesses, or either of them. It is sufficient to say of this affidavit that it does not show the materiality of the evidence which the defendant expected to obtain, or that due diligence had been used to procure it. (Code Civ. Proc. 595.) Granting or refusing a continuance on account of the absence of counsel is a matter which rests largely, if not wholly, in the discretion of the Court, and we cannot see that there was any abuse of discretion in this case. The defendant was represented by counsel, and the defense set up in her answer was not of a character to require any preparation in order to present it fairly.

There was no error in allowing an attorney fee. (Stat. 1873-4, p. 707.)

As before stated, there was an allegation in the complaint, and denial in the answer, that plaintiff had paid taxes upon the mortgaged premises. To prove that issue, only one witness was introduced on behalf of the plaintiff, who testified that he paid the taxes on the land described in the mortgage for the year 1877–8, amounting to $671.20, to the Tax Collector of Kern County, by buying the land in at tax sale; and that he, for the Bank, (plaintiff) received a certificate of such sale and purchase. On being asked by defendant's counsel how he knew it was the same land, witness answered, " By that certificate." The plaintiff then offered the certificate in evidence, and defendant's counsel objected to the introduction, " on the ground that it did not appear that the land described in the certificate, or any part of it, was described in the complaint or mortgage sought to be foreclosed, and that it was irrelevant and immaterial." The objection was overruled, defendants excepted, and the certificate was admitted in evidence. The certificate does not embrace the mortgaged premises, and as it was the only evidence introduced to prove the payment of the taxes for the

year 1877–8, there is no proof that the taxes for that year were paid. The Court, however, found that they were paid, and that the plaintiff paid them, and rendered a decree accordingly,

The amount of said taxes, with interest, as found by the Court and inserted in the decree, is $716.51. To that extent the judgment is erroneous, and must be modified.

The affidavit in support of the motion for a new trial, on the ground of newly-discovered evidence, does not disclose sufficient grounds for granting the motion.

Cause remanded, with directions to the Superior Court of Kern County to modify the judgment heretofore entered in the above entitled action, by deducting therefrom the sum of $716.51, as of the date of the entry of said judgment; and as thus modified, said judgment and order denying a new trial are affirmed.

THORNTON, J., and ROSS, J., concurred.