[No. 15176. In Bank. — September 27, 1892.]

THE PEOPLE EX REL. F. S. JENNINGS, PETITIONER, v. H. H. MARKHAM, GOVERNOR OF THE STATE OF CALIFORNIA, RESPONDENT.

CONSTITUTIONAL LAW — QUALIFICATION OF STATE SENATOR — CHANGE OF DISTRICT AFTER ELECTION. — Under section 4 of article IV. of the constitution, providing that "no person shall be a member of the senate or assembly who has not been a citizen and inhabitant of the state three years, and of the district for which he shall be chosen one year, next before his election," a citizen and resident of the state for three years who was duly elected state senator at the election held in 1890 for the fortieth district, composed of the counties of San Bernardino and San Diego,

and who was at that time a qualified citizen and inhabitant of San Ber-
nardino County, of which he remained a resident, was not deprived of
his office because of the redistricting of the state by the legislature in
1891, whereby the county of San Diego alone was made to constitute the
fortieth district.

APPLICATION for a writ of mandate.  The facts are
stated in the opinion of the court.

*Gibson & Titus*, for Petitioner.

*Attorney-General W. H. H. Hart*, for Respondent.

McFARLAND, J. — This is an application for a writ of
mandate to compel the respondent, as governor of the
state, to issue a proclamation for a special election in the
fortieth senatorial district to fill what is alleged to be a
vacancy in the office of senator for said district.  No
question is raised as to the jurisdiction of this court to
issue such a writ in a proper case.

The facts disclosed by the petition are these: At the
general election held in November, 1890, Hon. H. M.
Streeter was duly elected state senator for the full con-
stitutional term of four years for the senatorial district
composed of the counties of San Bernardino and San
Diego, then called the fortieth district.  At that time he
was a resident of the said county of San Bernardino, and
was in every way qualified for the office of senator for said
district.  He has ever since been, and now is, a resident
of said county of San Bernardino.  In 1891 the legisla-
ture passed an act by which, for purposes of legislative
representation, it reapportioned and redistricted the
state, and in that act it provided that thereafter the
county of San Diego alone should constitute a senatorial
district, to be called the fortieth.  (The act also provided,
however, that there should be an election in 1892 for sen-
ators from the odd-numbered districts, and that senators
who had been elected from the even-numbered districts
in 1890 should continue in office for four years.)

The only point made by petitioner is, that by virtue
of said act making San Diego alone the fortieth district,

the said Streeter ceased to live in the fortieth district; and that therefore, under the constitution of this state, there is a vacancy in the office of senator for said district. But the only constitutional provision upon the subject is in section 4 of article IV., and is as follows: "No person shall be a member of the senate or assembly who has not been a citizen and inhabitant of the state three years, and of the district *for which he shall be chosen* one year, next before his election." And it is quite clear that, so far as residence is concerned, this provision does not in the least affect the question before us. Streeter was elected for a district composed of the counties of San Bernardino and San Diego; and at the time of his election he was, and for a year theretofore had been, and (if that be material) still is, a resident of said district. The cases cited by petitioner are not in point. They were cases where officers of counties, or other municipal corporations, were required by law to reside at the seat of government of the municipalities; and the provisions of law under review in these cases were materially different from the provision of our constitution above quoted. For instance, in the leading case, cited by petitioner, of *State* v. *Choate*, 11 Ohio, 511, the constitutional provision construed was as follows: "There shall be appointed in each county not more than three nor less than two associate justices, who, *during their continuance in office*, shall reside therein."

It is to be observed that in this case petitioner raises no question arising out of the said act of the legislature redistricting the state, other than the said question of residence.

The demurrer to the petition is sustained, and the proceeding dismissed.

PATERSON, J., SHARPSTEIN, J., DE HAVEN, J., GAROUTTE, J., and BEATTY, C. J., concurred.