## BOEHM v. GIBSON.

### No. 19,285; February 28, 1894.

#### 35 Pac. 1014.

Trial—Absence of Attorney.—The Court Waited Several Hours for plaintiff's attorney to conclude the trial of another case in another department of the same court, with the understanding that the trial of the case against defendant would then proceed. At the conclusion of such trial such attorney did not appear, but engaged in the trial of habeas corpus proceedings, which he commenced two days before, and treated a notice by defendant that the trial of his case would

proceed with profane contempt. Held, that a trial of such case in the absence of such attorney was proper, plaintiff being present and offered an opportunity to introduce his evidence.

**Appeal Taken for Delay—Damages for Being Deprived of Property.**—Where, in an action to recover personal property, it appears that an appeal by plaintiff is without merit, and was taken for delay, and that defendant has been deprived of the use of such property for more than a year, the latter will be awarded $200 damages in addition to his costs.

APPEAL from Superior Court, Los Angeles County; William P. Wade, Judge.

Action by William Boehm against E. D. Gibson to recover possession of certain personal property. From a judgment for defendant and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

H. H. Appel and G. D. Blake for appellant; James Burdett and W. E. Arthur for respondent.

VANCLIEF, C.—Action to recover the possession of specific articles of personal property, or the value thereof, alleged to have been wrongfully taken and withheld from the plaintiff by the defendant. The defendant is sheriff of Los Angeles county, and justifies the taking under a writ of attachment against one William Shoulderer. The judgment of the court was in favor of the defendant, from which, and from an order denying his motion for a new trial, the plaintiff has appealed. Appellant makes no point on the appeal from the judgment; and the only grounds upon which a new trial is asked are (1) irregularity in the proceedings of the court; and (2) accident and surprise which ordinary prudence could not have guarded against. The affidavits upon which the motion was made and opposed occupy thirty-four pages of the printed transcript, and, without much conflict, are to the following effect: The case was first set for trial on December 9, 1892, when defendant, with his counsel and witnesses, was in attendance and ready for trial; but, on account of other business having precedence, the trial was postponed from day to day until December 15th, when it was called for trial, defendant, with his witnesses and counsel, then being present in court and ready for trial, but neither plaintiff nor his counsel was

present. After waiting about an hour, it was ascertained that plaintiff's attorney was engaged in the trial of another case in another department of the court; whereupon defendant's attorney reluctantly consented that the trial should be postponed, and, by agreement of counsel, the case was reset for trial on January 13, 1893, at 10 o'clock A. M., at which hour the defendant, with his witnesses and counsel, again appeared and was ready for trial, when the attorney for plaintiff stated to the court that he was then engaged in the trial of another case in another department (No. 5) of the same court, which trial had been commenced on January 12th, but that such trial would probably be closed by 12 o'clock M. Thereupon the court, with consent of defendant's counsel, appointed 2 o'clock P. M. as the time for the commencement of the trial, at which time the defendant was again present and ready for trial; but, plaintiff's counsel failing to appear, the court, after waiting about half an hour, dispatched a messenger to department No. 5 (in the same building) to ascertain whether plaintiff's attorney was still engaged in that department. Shortly afterward plaintiff's attorney appeared and said he was still engaged in department No. 5, but would probably be through by 3 o'clock P. M., when he would immediately proceed with the trial of this case. Shortly thereafter defendant's attorney (Mr. Burdett), as stated in his affidavit, went to department No. 5, and there awaited the termination of the trial in which plaintiff's attorney (Mr. Appel) was engaged; and when it terminated, about 3 o'clock P. M., and department No. 5 had adjourned, Mr. Burdett requested Mr. Appel to commence the trial of this case, and was then, for the first time, told by Mr. Appel that he was about to enter upon the argument of a habeas corpus case in department No. 2, for the purpose of obtaining the discharge of one of his clients from imprisonment for contempt of court, and that he did not know how long he would be thus engaged. Thereupon Mr. Burdett returned to department No. 3, in which this case was pending, and reported to the court that the trial of the case in department No. 5, in which Mr. Appel had been engaged, had been closed, and what Mr. Appel had said about engaging in the habeas corpus proceeding, and asked the court (No. 3) to proceed with the trial of this case; but the court refused to proceed immediately, saying it would

wait a few minutes longer. Mr. Burdett then went to department No. 2, where he found Mr. Appel's partner (Mr. Kinley) arguing the habeas corpus case, and Mr. Appel in his seat listening to the argument. Mr. Burdett then again requested Mr. Appel to go to department No. 3, and proceed with the trial of this case, and notified him that, unless he did so, Mr. Burdett would insist that the court proceed with the trial, to which Mr. Appel answered that "he did not care what was done; that he would not leave that case" (the habeas corpus case). While Mr. Appel, in his affidavit, does not . deny having said "he did not care what was done," he states that he "never consented to the judgment being entered, or said anything indicating that said Burdett should go on with the trial," but admits that he said to Mr. Burdett: "Don't bother me. You be d——d"—which language is not stated in Mr. Burdett's affidavit. Immediately after this conversation in department No. 2, Mr. Burdett returned to department No. 3, and informed the judge thereof of what Mr. Appel said, and what he was doing in the habeas corpus case, and insisted that the court proceed with the trial of this case; and thereupon the court ordered the parties to proceed with the trial of this case, the plaintiff then being present in court. No doubt Mr. Appel was immediately informed of this order, as he was then in the same building and not more than one hundred and fifty feet distant from the courtroom in which the order was made; yet neither he nor anyone for him appeared therein or objected to the trial in his absence. Nor does it appear that plaintiff objected, though present. The court then informed plaintiff that it would hear any evidence he desired to offer, and that he was at liberty to testify in his own behalf, but he declined to testify or to offer any evidence whatever. The evidence on the part of defendant was then introduced, but no evidence was offered by plaintiff in rebuttal. Thereupon judgment was rendered for defendant.

Counsel for appellant contends that the trial of this case was commenced in his absence, contrary to an agreement and understanding between him and counsel for defendant, assented to by the court, to the effect that the trial was not to be commenced until the close of the trial in which he was engaged in department No. 5, and further contends that the trial of the habeas corpus case in department No. 2 was a continu-

ation of the trial in which he had been engaged in department No. 5. But the affidavits do not support either of these contentions. He had said nothing about the habeas corpus proceeding to defendant's attorney or to the court (department 3) until after the close of the trial of the civil action, when he first spoke of it to Mr. Burdett, as above stated. Indeed, he had petitioned for the writ of habeas corpus after the agreement to proceed with the trial of this case as soon as the trial of the civil case should be closed, though his client had been imprisoned the day before, while his partner was trying the civil case in his absence. Surely the habeas corpus proceeding which he commenced in the afternoon of that day (January 13th) was no part of the civil case on account of which the delay of the trial of this case had been consented to at his request. Considering all the circumstances, I think the conduct of plaintiff's attorney not only manifested a want of proper respect for the court, but plainly indicated his intention to subordinate the business of the court and the rights of suitors therein to his own business and convenience. If, upon the close of the trial of his civil case, he deemed it of great importance to himself or client to enter upon the trial of the habeas corpus case, a proper respect for the court, that had been waiting for him several hours at his request and solely for his accommodation, should have induced him to go to that court and render his excuse, and ask for such further delay as he desired, or for a continuance; but he did nothing of the kind. Nor did he even ask opposing counsel for further time, but, according to his own affidavit, did ask him to "be d——d." There is no evidence of accident or surprise nor of irregularity in the proceedings of the court to the prejudice of appellant: Barnes v. Barnes, 95 Cal. 171, 16 L. R. A. 660, 30 Pac. 298; Baumberger v. Arff, 96 Cal. 261, 31 Pac. 53. I think the judgment and order should be affirmed.

We concur: Searls, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed; and as the appeal was evidently taken for delay and is without merit, and by reason thereof the respondent has been deprived of the use of the property sued for for more than a year, the sum of $200 damages is awarded to the respondent in addition to his costs upon appeal.