[Civ. No. 378.   First Appellate District.—September 21, 1907.]

JOHN ABROOK, as Administrator of Estate of MARY KILROY, Otherwise Known as MARY ABROOK, Deceased, Respondent, v. CLARA ELLIS, etc., and GEORGE D. COLLINS, Appellants, and CROCKER-WOOLWORTH NATIONAL BANK, Codefendant.

CONTINUANCE OF TRIAL—DISCRETION OF COURT.—A motion for the continuance of the trial of an action by an administrator to recover money deposited by a special administratrix in a commercial bank is addressed to the sound discretion of the trial court, and its action in refusing the continuance will not be disturbed on appeal, where no abuse of discretion appears. *Held,* that under the circumstances of this case, the court did not err in denying the motion for a continuance.

ID.—APPOINTMENT OF ADMINISTRATOR—BOND—COLLATERAL ATTACK.— The decree appointing an administrator is a conclusive determination of the sufficiency of the bond as against a collateral attack upon the validity of his appointment, and is subject only to be reversed, set aside or modified on appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco, denying a motion for a new trial. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

George D. Collins, for Appellants.

Riordan & Lande, and Kierce & Gillogley, for Respondent.

KERRIGAN, J.—This is an appeal by defendants Clara Ellis and George D. Collins from an order denying their motion for a new trial.

Mary Kilroy, a resident of San Francisco, died in London September 6, 1901. At the time of her death she owned and had on deposit in certain banks in San Francisco sums of money aggregating over $15,000. The deceased was generally known by the name of Mary Kilroy, although she was sometimes called Mary Abrook. She left surviving her a husband, John Abrook, and a daughter, Clara Ellis. December 7, 1901, Clara Ellis, through her attorney George D. Collins, filed a petition for special letters of administration, wherein it is alleged that the value and character of the property of the deceased are unknown to the petitioner; that the petitioner is the daughter and the only heir and next of kin of the decedent. The petition was immediately granted, and on the same day, the petitioner having filed a bond in the sum of $1,500, special letters of administration were issued to her. She at once, as such special administratrix, drew from the German Savings and Loan Society and the Hibernia Savings and Loan Society, banking corporations, $13,069.69, and on December 10, 1901, she withdrew from the latter bank the further sum of $2,342.03. December 9 and 21, 1901, she, under her maiden name Clara Plumridge, and George D. Collins deposited jointly in the Crocker-Woolworth National Bank sums amounting to $7,840.

Clara Ellis, on December 9, 1901, and John Abrook on December 10, 1901, filed their respective petitions for general letters of administration of the estate of Mary Kilroy, deceased. The petition of John Abrook was granted, and letters issued to him April 11, 1902. The petition of Clara Ellis was denied, and on January 30, 1902, the order granting special letters to her was revoked.

This action is brought by respondent as administrator to recover the sum of $7,840 on deposit in the Crocker-Woolworth National Bank, and to enjoin appellants, Clara Ellis and George D. Collins, from withdrawing the whole or any portion

thereof. The bank answered, making no claim to the money, and requesting permission to deposit it in court and be released from all liability to anyone in relation thereto.

The case was set for trial May 4, 1903, and on that day Mr. Jacob S. Meyer, representing George D. Collins, the attorney for the appellants, moved for a continuance of the trial of said action. In support of the motion an affidavit by George D. Collins was read, which stated, among other things, that a commission had theretofore issued herein to take the testi·· mony of certain witnesses in and about London, England; that it was then being executed, and would be in court June 1st. That said deposition would then have been in court were it not for the delays caused by respondent. The affidavit contains the names of the witnesses, a statement of their testimony, of its materiality, and of what was done in an endeavor to produce it. It is further averred that in a certain criminal action also set for trial on this date, George D. Collins was the sole attorney for the defendant in said action; that the case at bar had been forced to the head of the calendar in order to bring it to trial May 4, 1903, and that affiant had received no notice of any motion to set this case for trial.

In opposition to the motion Thomas D. Riordan, one of the attorneys for the respondent, was sworn and testified. He denied most of the statements in the affidavit of Collins, and among other things said that the cause was originally in department 4 of the superior court in San Francisco, and was ready for trial, when appellants demanded a jury, whereupon, department 4 not being a jury department, the case was transferred to department 7 of said court. That in the month of October, 1902, a motion for a commission to issue to take the testimony of some witnesses in and about London, England, had been granted, but that no direct interrogatories had been presented to the court or served upon respondent until some five months after the issuance of the commission. That upon motion of respondent the commission was dismissed. That in February, 1903, another commission had been sent to London, which is the one to which Collins refers in his affidavit. The witness further said that the defendant King in the criminal case referred to in the Collins affidavit had received a sentence of thirty years, and that said King must remain in custody until the judgment of the court was set aside, and hence there was no hurry in trying that cause.

The witness Riordan also read in evidence a notice served on each of the appellants April 27, 1903, that the case at bar was peremptorily set for trial May 4, 1903, at 10 o'clock, and that respondent would insist upon going to trial that day.

The witness further testified that in the month of February, 1903, this case was ready for trial; that Mr. Collins got a postponement thereof on the representation that the next morning he was going to Washington to participate in the trial of a case; that he did not go to Washington on the next day nor for a week thereafter.

The court denied the motion for a continuance, and the case proceeded to trial before the court, sitting with a jury, in the absence of the appellants Clara Ellis and George D. Collins. The jury rendered a verdict in favor of the respondent, upon which judgment was entered against appellants.

Under the circumstances of this case the court did not err in denying the motion for a continuance. Such a motion is addressed to the discretion of the trial court, and its action will not be disturbed on appeal unless the record affirmatively shows that it abused its discretion. (See *Musgrave* v. *Perkins,* 9 Cal. 212; *Griffin* v. *Polhemus,* 20 Cal. 180; *Kneebone* v. *Kneebone,* 83 Cal. 647, [23 Pac. 1031]; *Barnes* v. *Barnes,* 95 Cal. 177, [30 Pac. 298]; *Baumberger* v. *Arff,* 96 Cal. 262, [31 Pac. 53]; *Peachy* v. *Witter,* 131 Cal. 319, [63 Pac. 468].)

In *Musgrave* v. *Perkins,* 9 Cal. 212, the supreme court, per Field, J., said: "The granting or refusing a continuance rests in the sound discretion of the court below; and its ruling will not be reviewed except for the most cogent reasons. The court below is apprised of all the circumstances of the case. and the previous proceedings, and is, therefore, better able to decide upon the propriety of granting the application than an appellate court, and when it exercises a reasonable and not an arbitrary discretion, its action will not be disturbed."

In *Baumberger* v. *Arff,* 96 Cal. 262, [31 Pac. 53], it is said: "The plaintiff did not have an absolute right to a continuance because of the absence of his attorney, but the motion was one which was to be disposed of in the sound discretion of the court, and in view of all the circumstances then made to appear."

It is next claimed that the plaintiff is not the administrator of the estate of Mary Kilroy, deceased; that the evidence shows that he did not give a bond in twice the value of the personal

property of the estate as required by section 1388, Code of Civil Procedure, and that therefore the order appointing him is void. The decree appointing John Abrook was a conclusive judicial determination of that matter, subject only to be reversed, set aside or modified on appeal, and it cannot be collaterally attacked.

There is no other point requiring attention.

The order appealed from is affirmed.

Hall, J., and Cooper, J., concurred.