[Civ. No. 4073. Second Appellate District, Division One.—February 2, 1923.]

WILLIAM A. FLYNN et al., Respondents, v. D. FINK et al., Appellants.

[1] TRIAL — PROMPTNESS — DUTY OF JUDGE.—It is a part of the bounden duty of a trial judge, in the absence of some weighty reason to the contrary, to vigorously insist upon cases being heard and determined with as great promptness as the exigencies of the case will permit.

[2] ID.—CHANGE OF COUNSEL—NECESSITY FOR CONTINUANCE—RIGHT OF LITIGANTS.—Parties litigant have no absolute right to insist upon a change of counsel at the last moment before the time set for the commencement of the trial, where such change requires a continuance in order that the case may be properly prepared for trial.

[3] ID.—CONTINUANCE—DISCRETION.—The granting or denial of a motion for continuance rests largely, if not entirely, within the discretion of the judge before whom the motion may be made.

[4] ID.—SUBSTITUTION OF COUNSEL—REFUSAL OF CONTINUANCE—DISCRETION NOT ABUSED.—In this action for labor performed and material furnished, the attorneys, who were substituted as counsel for the defendants five days before the date set for the trial, having known that another trial in which they were then engaged would not be concluded by such date and also understood the situation with reference to the nature of the action, the court did not abuse its discretion in refusing to postpone the date of trial.

[5] ID.—MOTION FOR CONTINUANCE—DISCRETION—APPEAL.—On a motion for the continuance of the trial of a case, it is the duty of the trial judge, which the law presumes he will faithfully perform, to work out the justice of the situation, and his action in the exercise of a sound discretion is final and cannot be disturbed.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. S. Crail, Judge. Affirmed.

The facts are stated in the opinion of the court.

Smith & Breslin for Appellants.

Dennison & Towner for Respondents.

HOUSER, J.—The matter before the court on this appeal from the judgment arises out of the refusal by the judge of the lower court to postpone the date of trial. The facts are as follows: On July 7, 1921, the action was set for trial on the first day of December of the same year. On November 26, 1921, which would be five days before the date for the trial of this case, the firm of Smith & Breslin was substituted as attorneys for defendants, but the notice of substitution was not served on the attorneys for plaintiffs until the thirtieth day of November. On the day when the case was set for trial, to wit, December 1st, the attorneys representing defendants moved for a continuance without first having given the attorneys for plaintiffs any notice of their intention so to do. When the case was called for trial at 10 o'clock A. M., the reason given to the court for the continuance was that the attorneys representing defendants were then engaged in the trial of an action in another department of the superior court; that the case in which they were then engaged had been on trial for a considerable time

and would in all probability last a period of a week or ten days longer. On being interrogated by the court, Mr. Smith, of the firm of Smith & Breslin, stated that his firm was engaged in the case on trial in the other department at the time they were substituted as attorneys for defendants and that they knew at the time of the substitution that they would not be able to conclude the case that was then on trial in the other department by the date set for the case in which a continuance was sought. The court temporarily denied the motion, but continued the case until 2 o'clock P. M. on the same day, at which time attorneys for defendants again appeared in court and filed a formal motion and affidavit for continuance, which motion was denied by the court, and defendants and their counsel thereupon left the courtroom. Evidence was then introduced on behalf of plaintiffs, and judgment was ordered in their favor and against defendants in the sum prayed for in the complaint.

It cannot be said that one party to an action has any greater right than the other party thereto with reference to the time within which the cause is to be determined. The plaintiff, if he be entitled to a judgment as a matter of justice, is usually very anxious that a speedy trial be had; while in the same circumstances the defendant, knowing, or at least believing, that his case is desperate and that he is fighting in a matter that cannot but end disastrously as to himself, is just as desirous of postponing the inevitable. On the other hand, where the facts are in dispute or the law uncertain, and consequently an even chance of success exists as to either party, the defendant may wish for the end of the controversy equally with the plaintiff. But the plaintiff and the defendant are not the only interested parties. The court itself, representing as it does an arm of the government in its service of the public, has a right to demand that there be orderly, prompt, and effective disposition of litigation. If cases or proceedings of any sort be permitted to drag by reason of successive continuances, the calendars of the courts will become crowded and congested; lawyers, litigants, and witnesses will be inconvenienced by reason of the inability of the courts to hear cases on the day on which they may be set for trial, with the result that in meritorious instances cases actually ready for trial will not proceed and the various interested parties will be obliged to

return to court on another or perhaps a third or fourth continuance before the action may be determined—all of which often means great loss and hardship to the parties to the action, as well as to witnesses therein. Another consequence which may frequently appear is that, with knowledge of the fact that successive continuances may be had, the lawyers on either side may fail to properly prepare for trial either in matters of law or as to the production of witnesses by whom the facts are to be established, in which event the administration of justice may be greatly embarrassed or hindered, if not altogether thwarted. [1] It therefore becomes and is a part of the bounden duty of the trial judge, in the absence of some weighty reason to the contrary, to vigorously insist upon cases being heard and determined with as great promptness as the exigencies of the case will permit. [2] Parties litigant have no absolute right to insist upon a change of counsel at the last moment before the time set for the commencement of the trial, where such change of counsel requires a continuance in order that the case may be properly prepared for trial. Such a course, if permitted and if persisted in, might and probably would in many cases work the destruction of private rights of the opposing litigant and would be subversive of the "prompt administration and execution of the laws—upon which depends largely their effectiveness." There are many California cases dealing with the question presented on this appeal. [3] It has been almost universally held that the granting or denial of a motion for continuance rests largely, if not entirely, within the discretion of the judge before whom the motion may be made. In *Baumberger* v. *Arff*, 96 Cal. 262 [31 Pac. 53], a motion for continuance was made on the ground of the absence of the attorney who was then engaged in the trial of a case in another court. In the course of the opinion the court said: "The plaintiff did not have an absolute right to a continuance because of the absence of his attorney, but the motion was one which was to be disposed of in the sound discretion of the court, and in view of all the circumstances then made to appear." In *Haight* v. *Green*, 19 Cal. 113, it was held that where an attorney who was engaged to conduct the defense, but who for two or three days previous to the date fixed for the trial had been engaged as counsel in another case and consequently was not present when the

60 Cal. App.—43

appealed case. was called for trial, "the discretion of the court cannot be reviewed in its refusal to set aside the judgment for the cause assigned—the absence of the attorney at the time of trial." In the criminal case of *People* v. *Collins,* 75 Cal. 411 [17 Pac. 430], it was held that "the defendant's motion for a continuance on the ground that his counsel had been unable, in consequence of another and prior engagement, to make due preparation for the trial of defendant's case, was one which addressed itself to the sound discretion of the court below, and ought not to be interfered with unless we could see clearly that there had been an abuse of discretion"; and in another criminal case, where one of defendant's counsel was engaged in a civil case in another department of the superior court, it was said: "To hold that a defendant charged with crime has an absolute right to counsel of his own selection, with unlimited right to insist upon continuances of his trial, and that the court, jury, and witnesses must await the convenience of his counsel in fulfilling other engagements, would be subversive of the prompt administration and execution of the laws—upon which depends largely their effectiveness—and subject the time and service of citizens serving the state gratuitously as jurors and witnesses, to the wishes and interest of the attorney engaged in the defense." (*People* v. *Goldenson,* 76 Cal. 341 [19 Pac. 167].) And see, also, the following cases: *Musgrove* v. *Perkins,* 9 Cal. 212; *People* v. *De Lacey,* 28 Cal. 590; *Kern Valley Bank* v. *Chester,* 55 Cal. 49; *People* v. *Warren,* 130 Cal. 678 [63 Pac. 87]; *Peachy* v. *Witter,* 131 Cal. 319 [63 Pac. 468]; *Estate of Kasson,* 141 Cal. 33 [74 Pac. 436]; *Sheldon* v. *Landwehr,* 159 Cal. 780 [116 Pac. 44]; *Abrook* v. *Ellis,* 6 Cal. App. 451 [92 Pac. 396]; *Boehm* v. *Gibson,* 4 Cal. Unrep. 483 [35 Pac. 1014].

[4] In this case plaintiffs sought compensation on account of labor performed and materials furnished. The affidavit submitted on the motion shows that at the time they were retained counsel for defendants fully understood the situation with reference to the nature of the action, as well as to the time the case was set for trial, and of course were familiar with their own engagements. There were two members of the firm of attorneys for defendants, and it is not beyond the realm of reason to infer that one of them might well have been spared from the case in which they were en-

gaged in trial long enough to properly present the defense in the instant case.

[5]  On a motion for a continuance of the trial of a case it is the duty of the trial judge, which the law presumes he will faithfully perform, to work out the justice of the situation; his action in the exercise of a sound discretion is final and cannot be disturbed. Nothing appears in this case to indicate that the judge before whom the action was tried was not earnestly endeavoring to do his full duty in the premises. There was no abuse of discretion.

The judgment is affirmed.

Conrey, P. J., concurred.

James, J., concurred in the judgment.