[Civ. No. 7268. Second Appellate District, Division One.—June 2, 1932.]

CHARLES E. NEIL, Respondent, v. BERTHA J. GANE, Appellant.

Cradick, Clute & Sullivan and Claude W. Corlett for Appellant.

H. W. Shaw for Respondent.

TAPPAAN, J., *pro tem.*—This appeal is from a judgment had upon a promissory note signed by appellant only. The co-defendant was appellant's husband, and was made a party solely for that reason.

The complaint in the action was filed on October 15, 1924, and defendants duly answered November 15, 1924. The case came on for trial February 26, 1929, and plaintiff's counsel made a motion for a continuance, so that he could file an affidavit showing that a deposition had been taken in the action and had disappeared from the files. On February 27, 1929, the affidavit having been filed, the trial was continued to March 27, 1929, to enable plaintiff to take a new deposition, defendants' attorneys at this time stating that they

would submit cross-interrogatories. When the case was called on March 27, 1929, it appeared that no cross-interrogatories had been filed, and the trial was continued to April 25, 1929. On both April 25, 1929, and May 28, 1929, the trial was continued because of defendants' failure to stipulate as to the taking of the deposition or to submit cross-interrogatories. On February 26 and 27 and again on May 28, 1929, defendants had moved to dismiss the action on account of lack of prosecution. These motions were denied. The cause came on for trial on July 1, 1929, and evidence was received on behalf of both plaintiff and defendants. Plaintiff's counsel offered the deposition of plaintiff, taken before a notary public in the state of Michigan, to which defendants objected, and their objection was sustained. Plaintiff's counsel moved the court for a continuance to correct the deposition, which the court granted. Defendants renewed their motion to dismiss, which was denied. On October 7, 1929, the cause again came before the court, and the deposition, failing to have attached the authenticating certificate of the clerk of the county court where the deposition was taken, was again rejected, and counsel permitted to withdraw the deposition to secure the lacking certificate, and the trial of the cause continued. On December 6, 1929, the cause was heard, the deposition admitted in evidence, the matter duly submitted, findings filed and judgment entered. At the hearing on December 6, 1929, defendants moved to dismiss the action on the ground that the cause had not been brought to trial within five years after answer filed, and that no written stipulation extending the time for said action to be brought to trial had been made, as provided by section 583 of the Code of Civil Procedure. This motion was denied.

Thereafter, defendant made a motion for a new trial, supported by an affidavit alleging that no stipulation extending time had been filed, and setting up the minute order of October 7, 1929, which stated that the deposition had been rejected and a continuance granted. This motion for a new trial was denied.

Appellant's numerous specifications of error, for the sake of brevity, are here considered in three groups.

Appellant first complains that the court erred in granting the continuances of May 28, 1929, and July 1,

1929, and contends that in neither instance did plaintiff make a proper or sufficient showing of diligence to justify the granting of the continuance. Appellant cites a part of section 595 of the Code of Civil Procedure, which provides as follows:

"A motion to postpone a trial on the ground of the absence of evidence can only be made upon affidavit showing the materiality of the evidence expected to be obtained; and that due diligence has been used to procure it. . . . "

The section also contains the following language:

"The court may require the moving party, where application is made on account of the absence of a material witness, to state upon affidavit the evidence which he expects to obtain; . . . "

The record, as presented here, shows that prior to the continuance of May 28, 1929, the cause had been continued to secure plaintiff's evidence by deposition, and that defendants' counsel had agreed to submit cross-interrogatories. This defendants' counsel failed to do, and further he refused to join in a stipulation to take plaintiff's deposition, thus necessitating the taking of the deposition on formal notice. The facts were all before the court. The delay was the result of defendants' own action. A deposition is but the method, permitted in certain prescribed cases, of securing the evidence of material witnesses in trials had before our courts. The matter of the continuance of the time of trial for the purpose of securing the evidence of a material witness is a motion addressed to the sound and judicial discretion of the trial court, and unless there has been a clear abuse by the court of this discretion, the order granting the continuance will not be disturbed upon appeal.

"On a motion for continuance of the trial of a case it is the duty of the trial judge, which the law presumes he will faithfully perform, to work out the justice of the situation; his action in the exercise of a sound discretion is final and cannot be disturbed." (*Flynn* v. *Fink,* 60 Cal. App. 670, 675 [213 Pac. 716, 717].)

In the case of *Light* v. *Richardson,* 3 Cal. Unrep. 745 [31 Pac. 1123], in holding that the requirement of section 595 of the Code of Civil Procedure as to the filing of an affidavit where a continuance was sought on account of the absence of a material witness was not imperative, the court

said: "It is clearly the intention of the code, while protecting the court from imposition and unnecessary delays, to secure a reasonable opportunity to litigants to try their causes on the merits, to the end that justice may be done; and while no definite rule can be laid down, embracing all the different circumstances under which continuances should be granted, this spirit and intention of the code, which is especially manifest in section 473, Code of Civil Procedure, should always be borne in mind; for this much, at least, is certain: That, where the circumstances are such as would authorize the court to relieve a party from a judgment, order, or other proceeding taken against him through his mistake, surprise or excusable neglect, a continuance should be granted."

Under the circumstances of the instant case, the granting of the continuances complained of by appellant cannot be said to amount to an abuse of discretion on the part of the trial court.

Appellant next assigns as error certain alleged irregularities in the deposition of plaintiff offered in evidence at the trial. The consideration of these alleged irregularities is unnecessary here, for the reason that if it be conceded that the deposition was erroneously admitted in evidence there is still ample evidence present in the bill of exceptions to support the finding made by the court and the judgment appealed from. Plaintiff's complaint alleges the due execution and delivery of the note in question and defendants' answer admits these facts, and by way of affirmative defense alleges payment of the note. The note was offered by the plaintiff at the trial and received in evidence. The record here fails to disclose any evidence whatsoever in support of defendants' plea of payment, or that the note had upon it any indorsement whatsoever.

"The defense of payment is affirmative matter and requires proof by the defendant to support and establish it, and possession by the plaintiff of the note itself, bearing no endorsement or other evidence of payment, raises a presumption that the note is wholly unpaid. (*Light* v. *Stevens*, 159 Cal. 292 [113 Pac. 659].) . . . Conceding that there was other evidence to the contrary, the result would merely be a finding against the defendants upon conflicting evidence.

With such a finding we cannot interfere." (*Levey* v. *Henderson*, 177 Cal. 21, 23 [169 Pac. 673, 674].)

The last question presented by appellant involves the refusal of the trial court to dismiss the action on December 6, 1929. Appellant rests her contention that the action should have been dismissed as of that date upon the fact that the answer in the action was filed November 15, 1924, more than five years prior to the date of the motion to dismiss, and that no written stipulation extending time had been made or filed. The record here shows that the action was *brought to trial* on July 1, 1929, some four months before the running of the five-year period specified by section 583 of the Code of Civil Procedure. This section only requires that the action be *brought to trial* within the five-year period, and places no limitation upon when the trial shall be completed. In the instant case, the action was brought to trial within less than five years, the only requirement of the statute.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.