[No. 14518.    Department Two. — September 27, 1892.]

JAMES BAUMBERGER, Appellant, v. F. D. ARFF, Respondent.

Continuance — Absence of Attorney — Discretion. — A party to an action has no absolute right to a continuance because of the absence of his attorney, who is engaged in the trial of a case in another court, but it is within the sound discretion of the trial court to grant or refuse the continuance.

Id. — Motion to Set Aside Judgment — Condition as to Costs and Jurors' Fees. — Where, upon the day set for the trial of an action, the plaintiff, through the clerk of his attorney, moved for a continuance, upon the ground of the absence of the attorney, who was then engaged in the trial of a case in another court, and the action of the court, refusing to grant the motion except upon the condition that the plaintiff should pay the fees of all the jurors in attendance upon the court upon that day, amounting to eighty-seven dollars, and the defendant's costs for the day, is not unreasonable.

Appeal from an order of the Superior Court of Alameda County denying a motion to set aside a judgment.

The facts are stated in the opinion of the court.

*Wal. J. Tuska,* for Appellant.

*George W. Reed, E. Nusbaumer, R. B. Tappan,* and *Reed & Nusbaumer,* for Respondent.

De Haven, J. — On the day set for the trial of this action, plaintiff moved for a continuance, upon the ground of the absence of his attorney, who was then engaged in the trial of a case in another court. The motion was denied, and thereupon the person who made the motion in behalf of the plaintiff, and who seems to have been the clerk of his attorney, left the room. Neither plaintiff nor his attorney thereafter appeared, although called by the court, and the defendant moved for judgment in his favor, upon the ground that plaintiff had abandoned his cause upon the trial, and before the final submission thereof, and for want of prosecution. This motion was granted, and judgment entered in favor of the defendant.

The plaintiff afterwards moved, upon affidavits, to set this judgment aside, which motion was denied, and from that order this appeal is taken.

The plaintiff did not have an absolute right to a continuance because of the absence of his attorney, but the motion was one which was to be disposed of in the sound discretion of the court, and in view of all the circumstances then made to appear. (*People* v. *Collins*, 75 Cal. 411; *People* v. *Goldenson*, 76 Cal. 341; *Haight* v. *Green*, 19 Cal. 113; *Lightner* v. *Menzel*, 35 Cal. 452.)

The affidavits filed by plaintiff on his motion to set aside the judgment do not show that the court failed to exercise a proper discretion in its ruling upon the motion for a continuance. We cannot say that the court would, in view of all the facts disclosed, have committed an error if it had denied the motion unconditionally; and certainly there is nothing unreasonable in the condition upon which it is claimed that the court offered to grant the motion, viz., the payment by plaintiff of the fees of all jurors in attendance upon the court upon that day, amounting to eighty-seven dollars, and the defendant's costs for the day.

Order affirmed.

SHARPSTEIN, J., and McFARLAND, J., concurred.