[L. A. No. 1633. Department Two.—March 25, 1907.]

# THOMAS WILLIAMS, Appellant, v. FRITZ MYER, Respondent.

PRACTICE—AMENDMENT OF COMPLAINT—IMPOSITION OF TERMS—APPEAL —APPROPRIATION OF WATER.—Where on the trial of an action to quiet title to the appropriated waters of a specified stream, the plaintiff, after a jury have been impaneled, asks leave to file an amended complaint setting up title by appropriation to the mingled and combined waters of such stream and another stream, in lieu of his claim of title to the waters of the stream specified in the complaint, it is within the discretion of the trial court, under section 473 of the Code of Civil Procedure, to allow the amendment, and to impose such terms as may be just; and the appellate court will not review the exercise of the discretion, but may review the justness of the terms imposed. And it is not necessary that the propriety of imposing terms should be shown by affidavits, where the motion for the amendment is made in open court, and the defendant resists it on the ground that if allowed he would not be able to go on with the trial, and that a continuance would be necessary.

ID.—JUSTICE OF TERMS IMPOSED—PER DIEM AND MILEAGE OF GENERAL JURY PANEL.—In granting leave to file the amended complaint, under such circumstances, the court is limited in the imposition of terms to such only as are just,—that is, to such as will compensate the adverse party for the loss or inconvenience which he will suffer by granting the application,—and is not limited to imposing only such costs as might be properly taxed in the case. Within this rule the court may require the payment by plaintiff of the fees paid by the defendant for the per diem of jurors impaneled and sworn to try the case, the expenses incurred by the defendant in obtaining the attendance of witnesses and in the employment of attorneys, and his own expenses in attending the trial, but cannot, in addition, require the payment to the clerk of the court for the county of the per diem and mileage paid by and due from the county to the general panel of jurors summoned for the trial.

ID.—PAYMENT OF JUST TERMS.—If the court in fixing the terms for the granting of the amendment imposed the payment of an aggregate sum, some of the items of which are just and some unjust, it was not incumbent on the plaintiff to offer to pay the amounts which he deemed were properly assessed in order to avail himself of the error of the trial court in imposing the unjust items; nor is it material that the court might have refused to allow the amendment unconditionally.

ID.—GOOD FAITH OF AMENDMENT—REVIEW OF ORDER REFUSING AMEND-
MENT—EVIDENCE.—In reviewing the refusal of the court to grant
the amendment to the complaint unless the unjust terms were com-
plied with, it must be assumed that the amendment was sought in
good faith, and that the allegations in respect to the appropriation
of the combined waters were true.  And such error will not be
deemed harmless, as there could be no trial of the cause on its
merits, nor determination of the plaintiff's rights, by limiting the
inquiry to the appropriation of the waters of the single stream
specified in the complaint; and especially will the error not be
deemed harmless where the defendant, on the cross-examination of
the plaintiff's witnesses, and in introducing evidence in support of his
own case, brought out the fact that the plaintiff's lands were watered
by such combined waters, and the court again refused to permit the
amended complaint to be filed in order that the pleadings and proof
might conform.

APPEAL from an order of the Superior Court of Inyo
County refusing a new trial.  Walter A. Lamar, Judge.

The facts are stated in the opinion of the court.

P. W. Forbes, W. D. Dehy, and P. H. Mack, for Appellant.

S. E. Vermilyea, and B. H. Yandell, for Respondent.

LORIGAN, J.—This is an appeal from an order denying
the motion of plaintiff for a new trial.

The action was brought by plaintiff to quiet his title to a
hundred inches of water of Pine Creek, in Inyo County,
measured under a four-inch pressure, and conducted through
dams, ditches, natural channels, and watercourses to and upon
the lands of plaintiff; said hundred inches being alleged to
be one half of two hundred inches under said pressure diverted
by plaintiff and the grantor of defendant, and equally divided
by them and used on their respective lands.  In addition,
plaintiff prayed for an injunction restraining defendant from
diverting more than one half of said waters, and for dam-
ages to his crops by reason of the alleged diversion by de-
fendant of all of said waters.

Defendant, by answer, denied the right of plaintiff to any
of the waters of Pine Creek, or to damages for the alleged
diversion by him, and by cross-complaint alleged an exclusive
prescriptive right acquired by his grantors, predecessors, and

himself to about two hundred and fifty inches, measured under a four-inch pressure, of the waters of said Pine Creek, and asked for a decree quieting his title thereto.

On November 20, 1899, (the original complaint having been filed February 1, 1899,) the cause was at issue, and thereafter was set down for trial on March 13, 1900; the trial to be had before a jury as advisory to the court on questions of fact. On the day set for the trial a jury was impaneled and sworn, and thereafter the plaintiff moved the court for leave to file an amended complaint. The difference between the proposed amended complaint and the original was, that in the original complaint the appropriated waters in litigation were stated to be "the waters of Pine Creek," while in the amended complaint it is alleged that plaintiff had diverted from the natural channel of Pine Creek more than a hundred inches of the waters thereof, measured under a four-inch pressure, and by means of dams, ditches, natural channels, and watercourses had conducted the said waters of Pine Creek from their natural channel to the natural channel of Horton Creek, and mingled the said waters with certain surplus waters flowing and being in the latter creek, and from thence conducted the said mingled and combined waters through the natural channel of said Horton Creek to a dam constructed by plaintiff across the channel of said Horton Creek, a short distance west of plaintiff's lands, where they were there equally divided between plaintiff and defendant, and from thence by ditches constructed by plaintiff he conducted one hundred inches of the said mingled and combined waters to his land.

In effect, the amended complaint differed from the original only in substituting "the mingled and combined waters of Pine Creek and Horton Creek" for "the waters of Pine Creek."

The defendant objected to the plaintiff being permitted to file the proposed amended complaint on various grounds—laches in presenting it for filing, want of notice of the motion to be permitted to do so, and that the amended complaint raised a new and distinct issue for the trial of which defendant had had no opportunity to prepare.

The court held that the plaintiff should be allowed to file said amended complaint, but only on terms, and the court

stated the terms as follows: ''Plaintiff to pay to the clerk
of this court for the county the per diem and mileage paid
by it and due from the county, to jurors summoned for this
trial amounting to the sum of $240.90; plaintiff to pay to
defendant the sum paid by defendant to the clerk of this
court for the fees of jurors amounting to the sum of twenty-
four dollars; plaintiff to pay to the defendant the sum of
$56.50 expenses incurred by the defendant in obtaining the
attendance of witnesses; plaintiff to pay to defendant one
hundred dollars as compensation to defendant for expenses
he has incurred in employment of attorneys herein, his own
expense in attending this trial, and the expense he has been
to on account of this trial and that cannot be easily determined
by the court or shown by the defendant,''—in all $421.40.

The plaintiff did not accept the terms, and hence did not
file the amended complaint. He excepted, however, to each
and every of the terms and conditions imposed by the court,
and likewise to the ruling of the court imposing them, and
the correctness of the action of the trial court on these
matters is the question for present consideration.

Undoubtedly the court had the right in allowing the plain-
tiff to file his amended complaint to impose terms upon him.
It is provided that in the discretion of the trial court such
amendments may be permitted upon such terms as may be
just. (Code Civ. Proc., sec. 473.) The discretion to allow
the amendment was exercised by the trial court; it determined
that a proper case for permitting the amendment to be filed
was presented, and that no valid objection to the character
of the proposed amendment existed. Whether that discretion
was properly exercised is *not a matter of concern here.* The
only point is whether in exercising such discretion the court
imposed such terms as were just. It is insisted by appellant
that the court was not warranted in imposing any terms at
all. We cannot agree with him. It is true, as contended by
plaintiff, that there was no express showing by affidavit that
the filing of the amended complaint would occasion any delay
in proceeding with the cause, or necessitate a continuance of
the trial, or require the presence of witnesses other than those
in attendance, or entail any additional expense to meet the
new issue presented. But under the circumstances we think
no such showing was necessary. The motion of plaintiff was

made in open court after the jury had been sworn and the trial about to be proceeded with. Without any notice of such application plaintiff sought permission to file his amended complaint on the ground that the original complaint of plaintiff did not fully state his cause of action. As presented, the amended complaint raised a new issue, upon which certainly different evidence would have to be presented than under the original pleading. The questions of the right of plaintiff to have his motion granted and the effect upon the progress of the trial by permitting it were immediately taken up and considered by the court, and in the presentation of the objections of defendant (which plaintiff did not question nor assert anything to the contrary), it was insisted that if the amendment were allowed the defendant would not be able to go on with the trial, and that a continuance would have to be had. This was a sufficient showing to invoke the discretion of the court, and warranted it in imposing such terms upon the plaintiff as the justice of the case required.

Now, as to whether the terms imposed on plaintiff were just, because, while under the statute the court is vested with discretion in imposing them, it is limited in the imposition to such only as are just. By this is meant that the terms imposed shall be such as will be just, considering the circumstances under which the amendment is asked, and particularly as between the parties to the action,—such as will compensate the party for the loss or inconvenience which he will suffer by granting the application to amend. In imposing such terms it is not to be understood that the court is constrained to allowing a party only such costs as might be properly taxed in the case. A reasonable discretion may be exercised in compensating him for expenses to which he has been put, although they may not be recoverable as costs. (*Pomeroy* v. *Bell*, 118 Cal. 635, 638, [50 Pac. 683].) But whatever the terms, they should be such as have relation to expenses or charges incurred by the parties to the trial, or directly with reference to it, and be imposed with a view mainly of compensating the party prejudiced by granting the amendment.

Within this view it was proper for the court to require the payment by plaintiff of the fees paid by defendant for the per diem of jurors impaneled and sworn to try the case, and equally proper to require payment of the expenses incurred

by the defendant in obtaining the attendance of witnesses. These items were such as would be ultimately taxable as costs should defendant prevail in the action. Nor was it improper to require the payment of one hundred dollars to defendant as compensation for expenses incurred in the employment of attorneys and his own expenses in attending the trial. While these were not taxable charges, they come within the rule of *Pomeroy* v. *Bell*, 118 Cal. 635, 638, [50 Pac. 683]. Payment of all these charges mentioned we think was such as, in a reasonable exercise of its discretion, the court was warranted in imposing upon defendant and appeared to be just.

But we can find no warrant in law for imposing on the defendant, in addition to these terms, the payment to the clerk of the court of the per diem and mileage paid by and due from the county to jurors summoned for the trial, amounting to $240.90. These were the expenses of the general panel of jurors and under no circumstances could be considered as costs in the action or taxable as such. It was part of the governmental duty of the county of Inyo, in the administration of justice therein, to furnish to litigants in its courts, entitled to have their cases tried before a jury, a panel consisting of sufficient competent persons from which the litigants might select a trial jury. The expense of securing the attendance on court of that panel is paid by the county as one of the general expenses of government. When a trial jury has been selected from the panel, the liability of the litigants to pay that jury then attaches, but it only attaches then as far as the members of the trial jury are concerned. As to the rest of the panel the litigants never were liable for any expenses relative to them. In the case at bar the court made an order directing the plaintiff to pay the per diem of the jurors selected to try the case, and as a matter of justice this should have been all, as to the jurors, which he should have been required to pay. The expense of providing the general panel was not an expense of defendant, and of course payment was not directed to be made to defendant, but to the county of Inyo, which was not a party to the action. It was as much the governmental duty of the county of Inyo to furnish the panel of jurors and pay the expenses of such as the litigants did not select to try their case as it was to furnish a courthouse and court for the administration of justice, and the court could

have as consistently charged the plaintiff with a proportionate share of the salary of the judge as with the expenses incurred by the county in providing the general panel out of which the trial jurors were selected. The matter here under consideration does not present a situation where a jury trial was demanded, a panel provided, and then an amendment allowed under circumstances which necessitated a continuance of the trial without the selection of a trial jury at all, and where the amendment is granted on condition that the moving party pay the expenses of the attendance of the panel. (See *Baumberger* v. *Arff*, 96 Cal. 261, [31 Pac. 53].) Here a trial jury had been selected from the panel and all members of the panel other than those selected must have been discharged from attendance, or excused till some future date. In any event, as far as the case at bar was concerned, the panel had been discharged for all purposes. No amendment or continuance of the case could possibly affect the panel or the relation of the court, the litigants, or selected jury to it. It was at an end for all purposes as to them.

Under such circumstances we can perceive no reason, and none has been suggested, why plaintiff should have been charged with reimbursing the county of Inyo for governmental expense. Ample provision seems to have been made to reimburse defendant for expenses incurred by him and taxable as costs and for expenses not so taxable, which was all proper and just. But to tax plaintiff for expenses incurred by the county of Inyo for a panel of jurors which it was its duty to furnish, and which had served its purpose and been discharged before the motion to amend was made and after a jury had been selected from it; a panel for the expenses of returning which neither party was liable, and the existence of which could not enter into or affect the motion to amend, and could have no relevancy to any future progress of the trial, was, we think, improper. It was in no sense the imposition of a term which under the circumstances, or as between the parties, was just, but was more in the nature of a fine or penalty imposed on plaintiff, which the law does not sanction or sustain.

The court having imposed this improper charge upon plaintiff in addition to proper charges imposed, it was not incumbent on plaintiff to offer to pay the amounts which he deemed

were properly assessed in order to avail himself of the error of the trial court on this appeal. It is the duty of the lower court to impose as a condition only just terms. The terms here imposed were in the aggregate, and a portion improper, and the plaintiff was not required to attempt a segregation of the proper from the improper, in the face of the ruling of the court that all were properly imposed and must be paid as a condition to granting leave to amend.

Nor is it of any moment that the court might have denied the motion unconditionally. Assuming it would have been warranted in doing so, it did not. It exercised its discretion in favor of the amendment, and, having done so, it could only impose just terms therefor.

The only ground upon which this court would be precluded from reversing for such error would be if it appeared from the record that, notwithstanding the error, the appellant was not injured or prejudiced thereby. It is undoubtedly true that, though an error be committed, it may still be harmless; as, for instance, it may appear from an examination of the record that if the amendment had been allowed it could have been of no benefit to the plaintiff, because upon the trial of the case it would appear that he never could have availed himself of it, or where it appeared upon the trial that, notwithstanding the amendment was refused, the case was still tried upon the theory that it had been allowed. But on examination of the record before us we cannot satisfy ourselves that the error of the trial court was harmless. In itself the issue as to the appropriation of the litigated waters presented by the amended complaint was a more enlarged issue, involving a more substantial right than presented by the original complaint—a difference between the appropriation and use of the waters of Pine Creek, and the appropriation and use of the mingled and combined waters of Pine Creek and Horton Creek. It must be assumed as to this amendment that it was sought in good faith, and that the verified allegations in respect to the appropriation of said combined waters were true. This being so, it is quite evident that there could be no trial of the cause on its merits, nor determination of plaintiff's rights therein, by limiting the inquiry to the appropriation of the waters of Pine Creek, because plaintiff did not claim a right by appropriation to

CL Cal.—46

the waters of Pine Creek alone, but to the mingled and combined waters of Pine Creek and Horton Creek.

In addition to this, during the actual trial of the case, while plaintiff in introducing his evidence was necessarily precluded, under the ruling of the court refusing permission to file his amended complaint, from submitting evidence as to any appropriation by him of the combined waters of Pine and Horton creeks, defendant on cross-examination of some of the witnesses of plaintiff showed that the lands of plaintiff were in fact watered by the mingled and combined waters of these creeks appropriated by plaintiff. There was also evidence tending to show the same fact brought out by defendant in producing evidence to sustain the allegations of his cross-complaint. Having this evidence in view, the plaintiff at the close of his case, and also at the close of the case when all the evidence was in, moved the court again to be permitted to file the amended complaint in order that the pleadings and proof might conform. Both applications were refused and plaintiff excepted.

Waiving consideration of the alleged error predicated on these refusals, it is quite apparent from the evidence to which we have referred, that the court in originally denying leave to plaintiff to file his amended complaint, and confining the parties to litigate an appropriation of the waters of Pine Creek alone, precluded him to his prejudice from having determined the real and substantial claim upon which he relied,—namely, a right to the mingled and combined waters of Pine and Horton creeks.

It is further insisted by appellant, aside from the claim of error we have been considering, that the court erred in overruling objections to questions asked the plaintiff on cross-examination. There was no error in permitting the inquiry made. The plaintiff had testified in chief as to a division and use of water between himself and one J. W. Dickinson, the latter using his share of the water on what was known as the Hank Horn land. The objection was mainly that there was no evidence connecting defendant with this land. We think, however, plaintiff's direct examination sufficiently showed it for the purpose of the cross-examination. In any event, it was subsequently shown, so that the error, if any, was immaterial and harmless.

Appellant also attacks many of the findings of the court on the ground that they are not sustained by the evidence. These findings all relate to waters of Pine Creek alone, their appropriation by defendant, the extent of his rights therein, and against the right of plaintiff to any claim or interest thereto. As we will have to reverse the order denying a new trial on account of the error of the court in accompanying its leave to plaintiff to amend by the imposition of illegal terms, we see no useful purpose to be subserved by discussing the findings. In view of a new trial, when other findings may be prepared, it would be improper to discuss the evidence with reference to those here presented, which must fall with the reversal of the order. To discuss them would only result in commenting on, contrasting, and expressing our views on the testimony, matters which, in view of another trial, should particularly be avoided. And in as far as we have referred to the testimony, we are not to be understood as holding that it was sufficient to sustain the claim of plaintiff as to his alleged appropriation of the combined waters of the two creeks. We refer to it solely as tending to support his claim that only by allowing the proposed amendment could his rights to the waters in dispute, combined and flowing in those two creeks, be determined.

The order denying the motion for a new trial is reversed and the cause remanded. As the reversal of the order vacates the judgment, the trial court is directed to allow either party to amend his pleadings.

McFarland, J., and Henshaw, J., concurred.