[Civ. No. 14481. Third Dist. June 17, 1975.]

THOMAS INMAN, Plaintiff and Appellant, v.
FREMONT MEDICAL CENTER, Defendant and Respondent.

COUNSEL

Larimer & Evans, John T. Larimer, Jr., and Ronald E. Williford for Plaintiff and Appellant.

Kroloff, Belcher, Smart, Ford & Norris and Robert A. Haighwout for Defendant and Respondent.

Edward F. Buckner, County Counsel (Sutter) and Marianne Heenan, Deputy County Counsel, as Amici Curiae on behalf of Defendant and Respondent.

OPINION

THE COURT*—Plaintiff appeals from judgment of dismissal entered upon defendant's motion, after the court conditionally granted plaintiff's request for a continuance of trial and he declined to accept the condition. It is contended that the trial court abused its discretion in imposing the condition that plaintiff pay Sutter County's expenditures for the entire jury panel summoned.

This action was initiated by a complaint for damages for medical malpractice filed by plaintiff in propria persona on May 24, 1972. Defendant answered on August 15, 1972. On September 13, 1972, plaintiff substituted the law firm of R. Jay Engel of San Francisco for himself in propria persona. An at issue memorandum was filed by substituted counsel on that day. On February 7, 1973, the matter was set for pretrial on June 5 and for trial on June 12-15. On June 7, 1973, a stipulation was filed agreeing to continue the trial date and the court

---

*Before Janes, Acting P. J., Paras, J., and Evans, J.

ordered the matter dropped to be reset. Pretrial conference was had as scheduled, and October 30, 1973, was fixed as the new date for trial.

On September 26, plaintiff filed a second substitution of attorneys, returning himself to the status of a pro. per. litigant. On October 1, formal notice of the October 30 trial date was served on plaintiff. On Friday, October 26, a third substitution of attorneys was filed by plaintiff, this time substituting the law firm of Larimer and Evans of Marysville. Larimer and Evans at the same time filed an affidavit and motion to disqualify Judge James G. Changaris under Code of Civil Procedure section 170.6.

On Monday, October 29, 1973, plaintiff, through counsel John Larimer, filed a motion for continuance and a declaration in support thereof. In his declaration Mr. Larimer stated that on September 26, 1973, he had attempted to get the file from plaintiff's former counsel, but did not receive it until October 25, 1973; that his review of the file after receiving it revealed that the case was not ready for trial for various reasons, principal of which was the fact that no arrangements had been made for plaintiff's medical testimony. The declaration further stated that defendant's counsel had agreed to the continuance and that a written stipulation to that effect was in the process of preparation and would be filed. Such stipulation (as well as a stipulation that the motion to continue could be heard in the absence of defense counsel) was filed that same day, October 29, 1973.

Counsel alleges in his brief that on or before October 26, 1973, he, John Larimer, contacted Judge Changaris and advised him that the case would not go to trial on October 30, and that defense counsel had agreed to a continuance or to dropping the case from the calendar. The record contains no support for counsel's statement, and indeed indicates the contrary; the jury panel was not notified that its presence would not be required.

The motion came on for hearing the day after it was filed, October 30, 1973, one-half hour before the time set for jury trial. Judge Richard E. Patton was assigned to the case. The record indicates that Judge Patton had no knowledge of the case prior to receiving the file the previous evening. At the hearing, Larimer informed the court that plaintiff's wife told him that plaintiff had suffered a heart attack early that morning, and was in intensive care at Fremont Hospital.

■ Judge Patton reviewed the procedural history of the case and noted that the jury panel had been summoned and was present. He stated his feeling that if a continuance were to be granted, it should be conditioned upon payment by the plaintiff of the county's costs for the jury. He solicited counsels' comments. Mr. Larimer argued that the continuance was necessitated by circumstances beyond his control. The court made clear its intention to condition a continuance upon payment of the costs of the entire jury panel. The continuance, so conditioned, was granted. Larimer then stated he was not prepared either to pay the costs or go to trial, and that he had no witnesses with whom to proceed. The court thereupon granted defendant's motion for a dismissal. On November 5, 1973, a formal order was entered reciting the facts relating to the conditioned continuance and plaintiff's response thereto; and further ordering that the matter be dismissed and judgment entered in favor of defendant. This appeal ensued.

Plaintiff's sole contention on appeal is that the court abused its discretion in conditioning the continuance upon payment of fees for the entire jury panel rather than limiting such fees to those which would have been incurred had a 12-member jury been chosen. In support of his contention, plaintiff relies on the case of *Williams* v. *Myer* (1907) 150 Cal. 714 [89 P. 972], in which the Supreme Court held that where the jury had been selected and the unused panel members discharged, it was an abuse of discretion to condition a continuance of the trial upon payment of the costs of the entire panel; in such event, costs should have been limited to the selected jurors only. He argues that the court thus modified its rule of *Baumberger* v. *Arff* (1892) 96 Cal. 261 [31 P. 53], wherein it upheld the conditioning of a continuance upon payment by plaintiff of all juror's fees. But the continuance in *Baumberger* was sought, as here, prior to the impanelment of the jury, while in *Williams*, as above noted, the request was not made until after selection of the jury; since the continuance would thus affect the jurors selected to try the case and not the other members of the panel who were discharged, it was improper to assess to plaintiff the costs of all jurors summoned. The *Williams* court expressly noted the distinction and reaffirmed its *Baumberger* holding. (150 Cal. *supra,* at p. 720.)

The case authorities thus fully support the trial court's action here. Moreover, Code of Civil Procedure section 1024, originally enacted in 1872 as section 1029, provides: "When an application is made to a court or referee to postpone a trial, the payment of costs occasioned by the postponement may be imposed in the discretion of the court or referee,

as a condition of granting the same." Plaintiff has failed to show any reason or produce any authority to compel a conclusion that the trial court abused its discretion. There is nothing in the record to suggest that the court was timely notified that there would in fact be no need for the jury panel.

The judgment is affirmed

A petition for a rehearing was denied July 1, 1975, and appellant's petition for a hearing by the Supreme Court was denied August 28, 1975. Mosk, J., was of the opinion that the petition should be granted.