Filed 8/26/13  Marriage of Hall CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of RENEE and MICHAEL HALL. | H037754 (Santa Cruz County Super. Ct. No. FL024893) |
| RENEE HALL, Appellant, v. MICHAEL HALL, Respondent. | |

In this appeal Renee Hall (Renee) challenges a family court order denying her motion to declare a prior marital settlement agreement (MSA) void.  Renee contends that the temporary judge who approved the parties' MSA acted without jurisdiction because she signed the stipulated order of appointment herself, rather than obtaining the signature of the presiding judge of the superior court or his designee.  We find no basis for reversal in the circumstances presented and will therefore affirm the order.

*Background*

On June 15, 2010, in the course of marital dissolution proceedings, the parties signed a "Stipulation and Order" to resolve protracted issues over spousal support and division of their assets and obligations.  The stipulation allowed the Honorable Catherine

Gallagher, a retired superior court judge, to serve as temporary judge. In that capacity she was given authority to control discovery matters, conduct settlement conferences, and enter any orders she believed necessary regarding the controverted issues in the proceedings.

The parties and their attorneys signed the stipulation between May 18 and June 10, 2010. On June 11, 2010, Judge Gallagher signed a "Consent and Oath of Office," in accordance with article VI, section 21 of the California Constitution, and California Rules of Court, rules 2.830-2.834.[1] However, she also signed the second signature line on that page, which was titled "Order of Appointment of Temporary Judge and Order Approving Stipulation." Rule 2.831(b) requires the order designating a temporary judge to be signed by the presiding judge or the presiding judge's designee. Thus, the appointment order was technically improper. The parties' stipulation, however, included an express waiver of "any rules of Court that may preclude appointment of [Catherine Gallagher] as the Temporary Judge, or limit her authority as Temporary Judge." The parties further agreed that the stipulation would be effective as of the last date on which it was signed by both parties and both of their attorneys. That occurred on June 10, 2010, the day before Judge Gallagher signed the Consent and Oath of Office.

Judge Gallagher conducted a 14-hour settlement conference on June 21, 2010. At the end of that session the parties signed an MSA, which included an acknowledgment that they were fully informed about the subject matter and their rights and obligations, that they entered into the agreement voluntarily, and that they understood each of its provisions. The MSA also directed the parties to incorporate the agreement in the ensuing dissolution judgment and to "request that the court approve and order performance of all of its terms; *provided, however,* that this Agreement shall be effective

---

[1]  All further references to rules are to the California Rules of Court.

2

on the Effective Date, and does not depend on such court approval or incorporation for its effectiveness." (Italics added.)

On July 15, 2010, the Honorable Heather D. Morse filed a judgment in which she ordered support and property division as set forth in the MSA, which was attached. On September 20, 2010, the attorney for Michael Hall (Michael) filed a declaration in support of Michael's order to show cause (not in the appellate record) to correct a typographical error in the MSA. The asserted error pertained to the removal of a motor home from the "Chelsey" property that had been conditionally awarded to Renee; the MSA directed its removal by September 1, 2011, but according to Michael, the date should be corrected to September 1, 2010. According to the parties, Michael's request was granted on November 2, 2010 by Judge Gallagher, over Renee's opposition.

On June 21, 2011, Renee, now representing herself, moved to amend, modify, or void the MSA, calling it "invalid or tainted with fraud to a degree that is unconscionable and out of the scope of public policy." Citing rule 2.831(b)-(c), Renee noted that before a temporary judge may proceed by stipulation of the parties, an order designating that person as temporary judge in the cause "must be signed by the presiding judge or the presiding judge's designee and refer to the stipulation." Renee acknowledged the correction implemented by Judge Morse's July 26, 2010 order; but, she said, as of June 21 when the MSA was signed, Judge Gallagher was not "empowered to formalize any legal document between the parties here." Consequently, Renee argued, her due process rights were violated, causing a "grave 'miscarriage of justice.' "

Earlier that month Judge Gallagher had terminated her services to the parties and had referred the matter back to superior court. Thus, Renee's motion was heard by Judge Morse. Michael opposed the motion on numerous grounds, including untimeliness. The court agreed that the motion exceeded the time limits set forth in Code of Civil Procedure

3

section 473, subdivision (b).[2]  The court further found that the grounds for relief stated in Renee's motion did not "materially affect the original outcome and that Ms. Hall would not materially benefit from the granting of the relief requested in her June 21, 2011 Notice of Motion."  The court accordingly denied Renee's motion on October 17, 2011. Two months later Renee filed her notice of appeal.[3]

## *Discussion*

Renee's sole contention on appeal is that Judge Gallagher was not authorized to preside over these proceedings because she signed her own order of appointment rather than being appointed by the presiding judge or his designee.[4]

Article VI, section 21, of the California Constitution provides:  "On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause."  It is not this constitutional provision that requires approval of the presiding judge or designee, but rule 2.831.  Thus, Renee is misguided in asserting that to condone a failure to secure the presiding judge's written approval "would essentially repeal Article VI, section 21."

Rule 2.831(b) provides that before the temporary judge may act, "[t]he order designating the temporary judge must be signed by the presiding judge or the presiding judge's designee and refer to the stipulation.  The stipulation and order must then be filed. . . . "  Once the stipulation, order, and oath (including a declaration that he or she

---

[2] Neither party addresses this ruling on appeal.

[3] Renee is now represented on appeal by counsel.

[4] Renee further asserts that Judge Gallagher was not permitted to proceed because the order of appointment did not state in which county she was to act.  This is an undeveloped argument, which we therefore need not address.

4

will comply with the Code of Judicial Ethics and Rules of Court) have been filed, the temporary judge may proceed to hear and determine the matter.  (Rule 2.831(c).)

Renee cites *In re Richard S.* (1991) 54 Cal.3d 857, but fails to demonstrate its support for her position.[5]  On the contrary, in that case the appellant made the same argument as Renee here: that the temporary judge in child dependency proceedings lacked jurisdiction to act because the authorization order was not filed until the conclusion of the dispositional hearing.  The Supreme Court, affirming the opinion of this court, held that when the requirements of article VI, section 21, are otherwise met, parties who have stipulated to a referee sitting as a temporary judge waive any claim of error based on the failure to adhere strictly to the applicable rule of court (then rule 244), and the error does not deprive the referee of jurisdiction to enter a final order. (*Id*. at p. 862.) The Supreme Court determined that former rule 244 (now rule 2.831) "is directory rather than mandatory to the extent that it imposes requirements beyond those expressed in article VI, section 21, and that no purpose would be served by interpreting it as intended to void any action taken when the requirements of the rule were not precisely fulfilled." (*Id*. at p. 865; see also *Gridley v. Gridley* (2008) 166 Cal.App.4th 1562, 1579 [any failure to comply strictly with rule 2.831 by oral or implied stipulation to temporary judge's appointment is "a waiveable error"].)

This is not a case in which *no* appointment of Judge Gallagher by a superior court judge was ever made.  Renee cannot discount the appointment that *was* made by Judge Morse on July 23, 2010, and filed three days later, thereby correcting Judge Gallagher's

---

[5]  We will disregard Renee's additional quotation from a nonexistent portion of rule 2.811, which she seems to have extracted from the Supreme Court's opinion in *In re Marriage of Assemi* (1994) 7 Cal.4th 896, 908, referring to former rule 244.  We further assume that Renee's repeated citation of rule 2.811 in her reply brief was meant to refer to rule 2.831, just as she must have intended throughout her briefs to refer to Judge Morse, not Morris.

erroneous signing of her own appointment order. And unlike *Richard S.*, where the temporary judge signed the final order, here it was Judge Morse herself who signed the final judgment incorporating the MSA. In any event, it is clear that the parties stipulated in writing to an "all purpose judicial assignment" of Judge Gallagher, conferring broad authority on her "to determine all pre-trial and other motions, discovery issues, [and] case management issues, as well as the right to preside over all hearing/trials until rendition of Judgment on all controverted issues." They also expressly waived "any rules of Court that may preclude appointment of [Catherine Gallagher] as the Temporary Judge, or limit her authority as Temporary Judge." Through this broad stipulation, the parties unequivocally "waive[d] any claim of error on the basis of failure to strictly comply with [rule 2.831]." (*Richard S., supra,* 54 Cal.3d at p. 866.)

Moreover, the parties thereafter "clearly acted and behaved" as though Judge Gallagher was duly authorized to conduct all proceedings in accordance with their stipulation. (See *In re Estate of Fain* (1999) 75 Cal.App.4th 973, 987 [though technical requirements of former rule 244 not met, stipulation to temporary judge was implied by parties' conduct; accord, *Gridley v. Gridley, supra,* 166 Cal.App.4th at p. 1579].) "An attorney may not sit back, fully participate in a trial and then claim that the court was without jurisdiction on receiving a result unfavorable to him." (*Estate of Lacy* (1975) 49 Cal.App.3d 172, 182.) The same principle applies to litigants proceeding in pro per. Renee and her attorney participated in the lengthy settlement conference and arrived at a settlement agreement. The agreement specifically stated that the agreement "shall be effective on the Effective Date, and does not depend on such court approval or incorporation for its effectiveness." Renee initialed each of the 35 pages of the MSA, and she acknowledged that she had considered and understood each of the provisions and was entering into the agreement voluntarily. Not until a full year later did she complain that Judge Gallagher had lacked jurisdiction to "formalize any legal document between the parties here," or to perform "the acts that produced the Settlement Agreement."

6

The purposes of rule 2.831 are not served when hypertechnical applications are forced on the parties and the judicial system. " '[T]he detailed procedure set forth in [former] rule 244 appears to us designed to serve collateral interests of the judicial system. By requiring a written instrument, the rule prevents disputes as to whether parties have in fact consented and the scope of their consent. [Citation.] By further requiring the written approval of a supervising judge and an oath, the rule insures that the activities of temporary judges are monitored and do not impair the administration of the trial courts. *These interests are entirely unrelated to [the litigant's] interest in having his dispute heard in a competent and unbiased tribunal*.' " (*In re Estate of Fain, supra*, 75 Cal.App.4th at p. 989, quoting *In re Lamonica H.* (1990) 220 Cal.App.3d 634, 644; italics added.)

We thus conclude that the admitted procedural error in the authorization of Judge Gallagher, which was subsequently remedied by Judge Morse's appointment order, did not affect the parties' express stipulation to having Judge Gallagher preside over the settlement conference, and it did not invalidate the resulting MSA, which was freely and voluntarily executed by the parties. Judge Morse, who entered the judgment incorporating the MSA, did not err in rejecting Renee's motion to declare the MSA void.

*Disposition*

The order is affirmed.

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.



_____

PREMO, J.

8