Filed 10/28/15  Clifford v. Alpha Epsilon Fraternity CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| RYAN CLIFFORD, | C070846 |
| Plaintiff and Appellant, | (Super. Ct. No. CV091282) |
| v. | |
| ALPHA EPSILON PI FRATERNITY, INC., et al., | |
| Defendants and Respondents. | |

Plaintiff Ryan Clifford, a University of California, Davis (UC Davis) student, decided to pledge defendant Alpha Epsilon Pi Fraternity, Inc. (Alpha).  Clifford injured his foot and ankle while wrestling with defendant Daniel Sacher, a member of Alpha, at the fraternity house of Chi Delta (Delta), the local chapter of Alpha at UC Davis. Clifford filed a complaint alleging causes of action for hazing and negligence against all defendants, a separate cause of action for negligence against only Alpha, and a separate cause of action for negligence against only Alpha and Delta.  The trial court granted Clifford's first motion to continue the trial.  After many renewals by Clifford, the court granted his second motion to continue the trial on the condition that Clifford pay

defendants' travel expenses in the amount of $2,500. Ultimately Clifford failed to pay the $2,500 and the court dismissed the action. Proceeding in propria persona, Clifford appeals, challenging the dismissal of his case. We conclude the trial court abused its discretion in dismissing the action and shall reverse the order of dismissal.

## FACTUAL AND PROCEDURAL BACKGROUND

### The Complaint

In the fall of 2008 Clifford, a UC Davis student, decided to pledge Alpha. Clifford suffered injuries to his foot and ankle while wrestling with Sacher at the Delta house on November 6, 2008.

On May 15, 2009, Clifford sued defendants. The complaint alleged the fraternities had a history of hazing activities and excessive drinking during pledge events, and that while the fraternities had a "nominal policy that purports to prohibit both hazing and drinking during pledging," the policy was a "sham." Clifford stated Sacher injured him at the conclusion of a drinking game. The fraternities and Sacher all answered the complaint, alleging a variety of affirmative defenses.

Trial was set for September 28, 2010. Prior to that date, defendants submitted their motions in limine, proposed jury instructions, witness and exhibit lists, and proposed statements of the case.

### First Motion for a Continuance

Two weeks prior to trial, Clifford's attorney, Ivo Labar, filed a motion to be relieved as counsel. Labar also filed a motion to continue the trial. Defendants opposed the motions, arguing substantial time, energy, and resources had already been expended in preparation for trial.

Judge David Reed granted Labar's motions to withdraw as counsel and to continue the trial. As a condition of granting the continuance, the trial court ordered Clifford to pay defendants $5,000: $2,000 to Sacher and $3,000 to the fraternities. The order states:

2

"Said sanctions are immediately due and owing, and payable by Plaintiff to Defendants." Clifford never paid these costs. Trial was reset for April 2, 2012.

Clifford hired new counsel, Marylon Boyd and Ronald Carter, prior to the new trial date. Clifford also filed a notice of association of counsel naming Larry Schapiro to serve as counsel on pretrial matters.

On March 22, 2012, Boyd and Carter moved to be relieved as counsel. According to Boyd, Clifford engaged in conduct making it difficult for Boyd to represent him. He failed to pay certain fees and associated Schapiro without Boyd's and Carter's consent.

**Second Motion for a Continuance**

The same day, Schapiro filed an ex parte application on Clifford's behalf for an order continuing trial. The application stated Clifford had not yet obtained documents and records necessary for trial. He also argued Boyd and Carter were inadequately prepared for trial, which had been a concern of Clifford for several months.

Judge Daniel Maguire heard Boyd and Carter's motion to be relieved as counsel and Clifford's request for a trial continuance on March 23, 2012. Clifford, through Schapiro, told the court he might consent to counsel's withdrawal if the court granted the continuance, although there were "elements and issues here."

Sacher argued that Clifford was placing the parties in the same position they were in at the time of the first continuance a year and a half before. The fraternities pointed out that substantial prejudice would result from a second continuance, including rescheduling out-of-state witnesses and student witnesses. Nor had Clifford exercised due diligence. Although he complained about missing documents from prior counsel and expressed concern about Boyd's lack of preparation, he had made no effort to obtain the documents elsewhere.

Boyd informed the court she did not feel ready for trial. A series of events over the previous few weeks had made it difficult for her to be prepared to try the case on

3

April 2, 2012. Boyd could not provide more detail without violating attorney-client privilege.

Schapiro, Clifford's third attorney, described his client's concern over Boyd's lack of preparation. Schapiro explained that Clifford's failure to alert the court sooner was due to Clifford's "lack of knowledge of the legal system."

Judge Maguire denied Clifford's motion to continue the trial, finding Clifford had not been diligent in seeking the continuance and a continuance would prejudice defendants. He also denied Boyd's motion to withdraw as counsel, finding Clifford would benefit from Boyd and Schapiro both preparing his case for trial.

The following day, Clifford requested that Judge Maguire recuse himself. In a letter, Clifford listed three contributors to Judge Maguire's reelection campaign that necessitated the judge's recusal: (1) An attorney with Archer Norris, the law firm representing Alpha, later identified as Mike McGuire; (2) Michael Levy, who years before had founded the Alpha chapter at UC Davis; and (3) David Rosenberg, a former advisor to and legal counsel for the UC Davis chapter of Alpha, later further identified as the presiding judge of the Yolo Superior Court.

During a hearing on March 26, 2012, Judge Maguire discussed Clifford's claims. Judge Maguire stated that, to his knowledge, attorney Mike McGuire had no involvement in Clifford's case. The fraternities' counsel confirmed this. Nor was Judge Maguire aware of Michael Levy's or Judge Rosenberg's involvement with Alpha.

Sacher argued that Clifford's recusal request was a delaying tactic, a sentiment with which the fraternities agreed. Although Clifford had not filed a verified statement of disqualification, Judge Maguire agreed to investigate the campaign contributions. Later that day, Judge Maguire issued a notice of nondisqualification, concluding none of the campaign contributions mandated recusal. Judge Maguire also advised Clifford to raise

4

the issue through the proper statutory procedure under Code of Civil Procedure section 170.3.[1]

**Renewal of Requests for a Continuance**

Clifford renewed his request by filing another application for a continuance. The continuance included declarations by Clifford and Schapiro.

The court heard the matter on March 28, 2012. Judge Maguire reiterated his reasons for previously denying the continuance and heard argument on the renewed request. Judge Maguire denied the renewed request, finding Clifford's supporting declarations insufficient to warrant a continuance and that any such continuance would prejudice defendants.

On March 29, 2012, Clifford filed another application for a continuance, accompanied by a declaration from Boyd. The court heard the request on April 2, 2012. Judge Maguire noted that the fraternities had already paid for several witnesses and a party representative to travel from outside California for trial; he stated one possibility would be to continue the trial if Clifford reimbursed the fraternities for travel expenses. Following a discussion over the costs actually incurred, Judge Maguire stated he would grant Clifford a one-week continuance subject to Clifford's paying the fraternities $2,500 by the close of business that day.

Schapiro told the court that Clifford had authorized payment of $2,000 for a continuance; Boyd agreed to cover the extra $500. Judge Maguire granted the motion, continuing the trial for one week, to April 9, 2012. The court took a short recess to apologize to the waiting potential jurors and then the parties began discussing trial matters.

---

[1] All further statutory references are to the Code of Civil Procedure.

At the end of the hearing the clerk informed Judge Maguire that Clifford, in pro. per., had filed a verified statement of disqualification. Judge Maguire asked Boyd if, as Clifford's counsel, she was adopting her client's filing. Boyd responded she was not. Defendants argued the court should dismiss the statement because Clifford was represented by counsel. At the conclusion of the hearing, the fraternities stated that Clifford had not paid the $2,500 in expenses in exchange for the continuance. Boyd told the court that Clifford was now refusing to pay any amount because he believed Judge Maguire's orders were void.

**Defendants Move for Dismissal**

The following day, the trial court struck Clifford's statement of disqualification. Judge Maguire found Clifford was represented by counsel and therefore all papers had to be filed by counsel.

The fraternities moved to dismiss the action, arguing the latest continuance was explicitly conditioned on Clifford's reimbursement of their expenses, which he refused to pay. Sacher also filed a motion to dismiss.

Proceedings resumed on April 5, 2012. Judge Maguire proposed vacating the trial date pending adjudication of the motions to dismiss and setting a date to hear the motions.

The fraternities objected, arguing witness availability would become an issue and a delay would cause even more disarray. The fraternities' preference would be to proceed with trial as scheduled, not to postpone trial to hear the motions to dismiss. Sacher agreed.

Boyd told the court that her relationship with Clifford was strained and asked if the court would consider another motion for her to withdraw as Clifford's counsel. After Boyd gave her permission, Judge Maguire asked Clifford for his position on Boyd's continuing representation. Schapiro, over defendants' objections, tried to speak for

6

Clifford. Judge Maguire asked Schapiro to explain why he should be allowed to address the court.

Schapiro explained that Clifford had filed another association of counsel. However, Judge Maguire pointed out the notice was not signed by Boyd, whose signature was necessary to associate counsel. Schapiro asked to speak privately with Clifford prior to answering the court's questions. Upon returning, Clifford told the court that unless the trial was continued for five or more months, he would like Boyd to remain as his counsel. Boyd countered that Clifford's actions were contrary to her advice and again requested to withdraw as his counsel.

Judge Maguire allowed Boyd to file the renewed motion to withdraw, setting a hearing for April 9, 2012, the day trial was to begin. He informed the parties that he would rule on the motion to dismiss on April 6, 2012. Clifford filed an opposition to the motion to dismiss.

**Order of Dismissal**

On April 6, 2012, Judge Maguire issued an order dismissing Clifford's case. The order explained that Clifford's latest continuance was "expressly contingent on payment of the defendant's costs in the amount of $2,500, and plaintiff has offered no valid explanation for his failure to pay this amount or any portion of it." Clifford "accepted the continuance knowing that it was contingent upon payment of $2,500. . . . [T]he plaintiff has already taken the benefit of the continuance to further his readiness for trial. Defendants and their witnesses have suffered the expense and inconvenience of two continuances, but have not received their court-ordered compensation, and further monetary awards would be unlikely to provide relief to them." The order cited *Inman v. Fremont Medical Center* (1975) 49 Cal.App.3d 169 (*Inman*) as support for the court's conclusion that dismissal was proper.

Sacher served all parties with a notice of dismissal on April 9, 2012. Clifford filed a notice of appeal the same day.

7

**Further Proceedings**

On April 17, 2012, Clifford filed a petition for a writ of mandate challenging the April 3, 2012, order striking his statement of disqualification. We denied the petition on April 19, 2012. (*Clifford v. Superior Court* (Apr. 19, 2012, C070840) [petn. den. by order].)[2]

Clifford, on May 1, 2012, filed a notice of substitution of counsel, substituting Schapiro for Boyd as attorney of record. On July 2, 2012, Clifford moved in pro. per. pursuant to section 473, subdivision (d) to set aside all orders and judgments entered by Judge Maguire. Clifford argued Judge Maguire was disqualified and all his orders were void. Following further briefing the matter was heard and submitted on July 30, 2012.

On August 27, 2012, Judge Maguire issued an order withdrawing Clifford's section 473, subdivision (d) motion and allowing Clifford to file a statement of disqualification under section 170.3 by September 27, 2012. The order stated that once another judge adjudicated the statement of disqualification, the matter would return to submission and the section 473, subdivision (d) motion would be ruled upon. In addition, the order directed that "[a]ll future filings shall be made by plaintiff's attorney or attorneys of record . . . ."

In the order, Judge Maguire again addressed the allegations underlying Clifford's motion to disqualify him, stating none of the contributions made to his campaign by the named individuals merited disqualification. However, Judge Maguire advised Clifford to file, through counsel of record, a statement of disqualification under section 170.3.

Instead, Clifford filed a response to what he termed Judge Maguire's illegal August 27, 2012, order. Again, Clifford filed his response in pro. per. On October 2, 2012, Judge Maguire denied Clifford's section 473, subdivision (d) motion, stating

---

[2] We grant the fraternities' February 26, 2014, request for judicial notice of Clifford's petition and our ruling thereon.

8

Clifford failed to file a proper statement of disqualification by September 27, 2012. Therefore, the section 473, subdivision (d) motion was deemed resubmitted. Nor would the court consider Clifford's response to the August 27, 2012, order because it was filed in pro. per.

On October 15, 2012, Clifford filed a motion to renew his section 473, subdivision (d) motion and set aside the August 27, 2012, and October 2, 2012, orders. Again, Clifford filed his motion in pro. per. Following a hearing, Judge Maguire issued an order dropping Clifford's motion. The order stated the motion was not properly before the court because it was not filed by Clifford's attorney of record.

On November 30, 2012, Clifford filed a notice of appeal from the October 2, 2012, order denying his section 473, subdivision (d) motion.

## DISCUSSION

In his opening brief, Clifford presents a stream of consciousness recital of the facts and a barrage of legal arguments. Appellate briefs must provide argument and legal authority for positions taken. Here, sections 1.B. and 1.C. on pages 3 through 10 of Clifford's opening brief provide no citations to the record. Instead, Clifford devotes four and a half pages of his brief to simply reproducing the docket sheet. "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.)

Assignments of error must be set forth with specificity under separate headings. (See Cal. Rules of Court, rule 8.204(a)(1)(B).) Clifford's brief sets forth eight separate points he contends are the bases for reversing the trial court. Scattered throughout these arguments are four main claims: the undisputed facts mandate the disqualification of Judge Maguire; all of Judge Maguire's orders and judgments are void due to fraud; Judge Maguire violated Clifford's right to due process in denying Clifford's motion of July 2, 2012; and the April 6, 2012, dismissal violated previous court orders and the law.

9

We begin by noting that, on appeal, a judgment of the trial court is presumed correct. We presume the trial court followed the applicable law; the burden is on the appellant to demonstrate otherwise. (*In re D.W.* (2011) 193 Cal.App.4th 413, 417-418.) The rules of appellate procedure apply to Clifford even though he is representing himself on appeal. (*Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121.) A party may choose to act as his or her own attorney. We treat such a party like any other party, and he or she " 'is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) A plaintiff proceeding in pro. per. is not entitled to lenient treatment. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

### Dismissal

Clifford contends the April 6, 2012, dismissal order was unlawfully based on the $5,000 "sanction" he was ordered to pay as a condition of granting the first continuance in September 2010.

When a plaintiff seeks to continue the trial date, the court may, as a condition of granting the request, impose the payment of costs associated with any delay. (§ 1024.) If the court grants a continuance subject to such a condition, the plaintiff may either accept the benefit of the continuance and make the payment or proceed to trial as originally scheduled. If the plaintiff refuses to do either, dismissal is proper. (*Inman*, *supra*, 49 Cal.App.3d at p. 172.)

Here, Clifford moved for a continuance on the eve of trial because his counsel was not prepared to proceed to trial. The trial court previously granted one postponement when Clifford's first attorney was allowed to be relieved as counsel. Clifford's renewed second request for a continuance took place on the day trial was scheduled to begin, with 85 potential jurors waiting as the parties discussed whether to proceed. The trial court noted there had been one previous continuance granted but conditioned upon the payment of expenses. The payment had not been made. The trial court granted the second

10

continuance, also conditioned on the payment of expenses. However, Clifford again failed to pay the required amounts before the trial court considered defendants' motion to dismiss the case.

Alpha and Sacher argue dismissal was appropriate under *Inman*. In *Inman*, the plaintiff substituted his attorney several times, resulting in one postponement of the trial. (*Inman*, *supra*, 49 Cal.App.3d at pp. 170-171.) Then, on the eve of the new trial date, the plaintiff's attorney moved for a continuance because he was unprepared to proceed to trial. The motion came on for hearing half an hour before the time set for the jury trial to begin. (*Id*. at p. 171.) The court reviewed the procedural history of the case and noted that a jury panel was present and waiting. The court then granted the continuance upon the condition that the plaintiff pay the county's costs for the jury. When the plaintiff's counsel stated he was not prepared either to pay the costs or go to trial, the court granted the defendant's motion to dismiss. (*Id*. at p. 172.) The appellate court affirmed the dismissal, finding "Plaintiff has failed to show any reason or produce any authority to compel a conclusion that the trial court abused its discretion." (*Id*. at p. 173.)

Here, however, Clifford refused to pay the costs imposed for the continuance but did not state he was unprepared to move forward with the trial. Instead, Clifford sought to continue the trial with Boyd serving as counsel, although Boyd wanted to withdraw her representation of Clifford. In *Inman*, dismissal was appropriate because the plaintiff would not pay the expenses that were a condition of the grant of his motion for a continuance *and* stated he was not prepared to proceed to trial. That is not the case before us.

Clifford did not refuse to proceed to trial; he refused to pay the costs associated with the continuance. In *Jones v. Otero* (1984) 156 Cal.App.3d 754 (*Jones*), the trial court dismissed the plaintiffs' case because the plaintiffs' counsel refused to pay a monetary discovery sanction imposed by the court when the plaintiffs failed to respond to discovery requests. (*Id*. at pp. 755-756.) The appellate court reversed, finding dismissal

11

was not the appropriate remedy for an attorney's noncompliance with an order imposing monetary discovery sanctions. (*Id*. at p. 759.) The court held: "Whether dismissal could ever be an appropriate remedy for a *party's* noncompliance with a discovery order imposing monetary sanctions is not before us. However, dismissal can never be an appropriate remedy for an *attorney's* noncompliance with an order imposing monetary sanctions. We so hold." (*Ibid*.)

*Jones* was followed by *Midwife v. Bernal* (1988) 203 Cal.App.3d 57, which also involved dismissal following a failure to comply with discovery sanctions. *Midwife* addressed the question left unanswered by *Jones*, whether a dismissal could ever be an appropriate remedy for a party's noncompliance with a discovery order imposing monetary sanctions, and found it governed by federal constitutional principles. (*Midwife*, at pp. 63-64.) After reviewing pertinent federal cases, the court concluded that following federal authority, "California courts have held that ' "The sanctions the court may impose are such as are suitable and necessary to enable the party seeking discovery to obtain the objects of the discovery he seeks but the court may not impose sanctions which are designed not to accomplish the objects of the discovery but to impose punishment. [Citations.]" ' [Citation.]

"When a court's order goes beyond imposing a sanction which will accomplish the purpose of discovery and 'denies a party any right to defend the action or to present evidence upon issues of fact which are entirely unaffected by the discovery procedure before it, it not only abuses its discretion but deprives the recalcitrant party of due process of law.' [Citation.] There can be no presumption that a party's failure to pay monetary sanctions is a concession of the lack of merit to his claims in the lawsuit. [Fn. omitted.] Under these circumstances, dismissal is purely punitive. We conclude that it was an abuse of discretion to dismiss the action solely on the ground that Midwife had failed to pay monetary sanctions ordered by the trial court." (*Id*. at pp. 64-65.) The court

12

concluded by noting a recalcitrant party may be punished for contempt. (*Id*. at p. 65, fn. 7.)

In essence, courts have found that the "sanction of peremptory dismissal, without consideration of the merits, is fundamentally unjust unless the conduct of a plaintiff is such that the delinquency interferes with the court's mission of seeking truth and justice." (*Morgan v. Ransom* (1979) 95 Cal.App.3d 664, 670; see *Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 531, 565, disapproved on another ground in *Mileikowsky v. West Hills Hospital & Medical Center* (2009) 45 Cal.4th 1259, 1273.) Given the facts before us we find Clifford's conduct, although inconsistent and obstructive, did not rise to the level that would support peremptory dismissal based on his failure to pay the expenses connected with the previous continuances. Therefore, we find the trial court erred in dismissing Clifford's action based on his failure to reimburse defendants' expenses.

### Clifford's Efforts to Disqualify Judge Maguire

Just prior to the trial court's dismissal of his case, Clifford filed a verified statement arguing Judge Maguire should be disqualified based on three contributions to his upcoming reelection campaign. Although he was represented by counsel, Clifford filed the statement in pro. per. For this reason, the court struck the statement of disqualification. Clifford sought review of the order striking the statement of disqualification by filing an untimely petition for a writ of mandate. We denied the petition, and Clifford did not seek further review. On appeal, Clifford again argues Judge Maguire was disqualified to hear his case. Again, Clifford's arguments are disjointed and difficult to follow.

Under section 170.3 the determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a petition for a writ of mandate. (§ 170.3, subd. (d).) A writ of mandate provides the exclusive appellate

remedy for any motion to disqualify a judge.  (*Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1063.)

Section 170.3, subdivision (d) requires that a petition for a writ "be filed and served within 10 days after service of written notice of entry of the court's order determining the question of disqualification."  A party's failure to comply with section 170.3 constitutes a waiver of any right to relief from a judicial disqualification determination.  (*Guedalia v. Superior Court* (1989) 211 Cal.App.3d 1156, 1165.)

The trial court served written notice of its order striking Clifford's in pro. per. statement of disqualification by fax upon Clifford's counsel on April 4, 2012.  Therefore, the 10-day period under section 170.3, subdivision (d) expired on April 16, 2012, as April 14, the 10th day, fell on a Saturday.  Clifford filed his petition for a writ of mandate on April 17, 2012.  We denied the petition.

However, section 170.3, subdivision (d) does not bar appellate review of constitutional claims of judicial bias.  (*People v. Chatman* (2006) 38 Cal.4th 344, 363.)  Unfortunately, Clifford fails to clearly articulate any constitutional claim; instead, he again challenges Judge Maguire based on campaign contributions.  We therefore find Clifford's attempts to disqualify Judge Maguire not cognizable on appeal.

## DISPOSITION

The order dismissing the action is reversed.  The matter is remanded to the trial court.  Clifford shall recover costs on appeal.

                                                              RAYE            , P. J.

We concur:


        BLEASE         , J.


        MAURO          , J.


14